WESTERN DIS., October, 1841.

HOUGHTELING vs. FISHER.

---

## HOUGHTELING vs. FISHER.]

APPEAL FROM THE COURT OF THE TENTH DISTRICT, FOR THE PARISH OF NATCHITOCHES, JUDGE CAMPBELL OF THE DISTRICT PRESIDING.

A new trial should not be granted, to enable the party to prove the tender of a slave in a redhibitory action, on the ground of an oversight in his counsel to prove it on the trial, when it does not appear, any diligence was used to procure the proof.

The discretion in the Supreme Court, to remand causes for a new trial, will be exercised only in extreme cases, when the party has shown due diligence and is guilty of no *laches.*

This is a redhibitory action. The plaintiff alleges, he purchased a slave named George from Mrs. Sarah L. Fisher, for $1000. That he is subject to redhibitory defects and vices, which entitle him to a rescission of the sale. He avers, he has tendered back said slave to the agent of the defendant, who peremptorily refused to receive him. He prays judgment for a rescission of the sale and return of the price, and 500 dollars in damages.

The defendant pleaded the general issue. There was first a verdict for the plaintiff and a new trial granted.

On the second trial there was no proof produced of a tender of the slave, and there was a verdict and judgment for the defendant. After an unavailing effort to obtain a new trial, the plaintiff appealed.

*Taylor*, for the plaintiff and appellant.

*Dunbar & Hyams*, for the defendant.

*Morphy*, *J.* delivered the opinion of the court.

This suit was brought to obtain the rescission of the sale of a slave on the ground of redhibitory vices and maladies. The plaintiff at first obtained a verdict, but on a motion for a new trial, it was set aside. The second jury gave in their verdict in favor of the defendant. After an unsuccessful effort to set it aside, a judgment was entered, from which plaintiff has appealed.

He has drawn our attention to the affidavit he presented to the judge below, in support of his application for a new trial; he sets forth in it, that previous to the institution of this suit he had made a formal offer, in the presence of three witnesses, to deliver back the slave to Wm. Hunter, the agent of defendant ; that Hunter refused to receive the slave in positive terms; that he was prepared to prove the tender of the slave to defendant, but that owing to the oversight of his counsel, the proof was not made, and that irreparable injury will be done

to him, unless a new trial be granted. This application was further supported by the sworn declaration of one of the three witnesses, referred to in plaintiff's affidavit, that in June, 1840, he did, at the request of the plaintiff, together with two other persons, accompany him, (the plaintiff,) when he was going to offer Hunter, defendant's agent, to take back the slave; that in their presence the tender was made, but that Hunter peremptorily refused to receive him.

We are requested to remand this case for a new trial, and not to suffer the plaintiff to be the victim of an oversight of his counsel. If it appeared clearly from the affidavit, that the witnesses to prove the tender of the slave, had been duly summoned and were in attendance, but not examined through an oversight of the counsel, the plaintiff would perhaps have had some claim to relief at our hands; but it does not appear, that any steps were ever taken, to procure their attendance in court. From an examination of the record it further appears, that the tender of the slave was not proved even on the first trial, and it is perhaps the very ground, on which a new trial was granted. The discretionary powers conferred on this court to remand causes, will be exercised only in extreme cases, when the party has shown due diligence, and is guilty of no *laches*. Should we remand this cause on the ground submitted to us, we might be called upon to do it in almost every case, where through neglect, oversight, or any other cause, the party or his counsel may fail to adduce material evidence on the trial.

It is therefore ordered, that the judgment of the District Court be affirmed with costs.

WESTERN DIS.
October, 1841.

HOUGHTELING
vs.
FISHER.

A new trial should not be granted, to enable the party to prove the tender of a slave in a redhibitory action, on the ground of an oversight in his counsel to prove it on the trial, when it does not appear any diligence was used to procure the proof. The discretion in the Supreme Court, to remand causes for a new trial, will be exercised only in extreme cases, when the party has shown due diligence and is guilty of no *laches*.