GABRIEL W. DENTON *v.* ANDREW MURDOCK.

The party interested in establishing that a rule of an inferior court has been violated, must show its existence by the record.

Where a party has filed cross-interrogatories, without having required his adversary to state the names or residence of the witnesses whom he proposed to examine under a commission, or what he expected to prove by them, it will be too late° at the time of the trial, to object to the admission of the testimony for the want of such statement.

The decision in *Evans et al.* v. *Gray et al.*, (12 Mart. 475,) requiring the affidavit to obtain a commission to take testimony, to state the names of the witnesses to be examined, was made when no rule of court existed on the subject, and was before the promulgation of the Code of Practice, which made a change in the law on this subject, by declaring, art. 424, that such testimony " shall be taken pursuant to the rules of the respective courts."

Where a cause has been tried by a jury, and no motion was made for a new trial, it must be an extreme case to induce the remanding of it.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.

GARLAND, J. This suit is instituted to recover the price of a slave named John, sold to the plaintiff by the defendant, on the 30th of December, 1836, together with charges for loss of service, physician's bills, expenses, and damages on account of the slave being afflicted with a redhibitory disease. The answer is a general denial. The cause, it is said in the judgment of the court, was tried by a jury, and the verdict is recited, but the record does not inform us who composed it. Verdict and judgment were given for the plaintiff for $1,200, the value of the slave, and

$242 50 for expenses incurred, from which the defendant has, without asking for a new trial, appealed.

The counsel for the defendant has called our attention to a bill of exceptions, taken by him on the trial. The plaintiff offered, as evidence, certain depositions taken in Mississippi, to the introduction of which, the counsel for the defendant objected on the ground, " that the names of the witnesses, whose testimony was offered, were not stated in the affidavit upon which the commission issued ;" and that Dawson, one of the witnesses, is interested in the case, as is shown by his confession, in answer to the interrogatories. To sustain the first objection, the counsel has referred us to a decision, (*Evans et al.* v. *Gray et al.*, 12 Martin, 475,) which would, previous to the adoption of the Code of Practice, have sustained his objection; but we think that code has made alteration, as to the mode of obtaining commissions to take testimony. Art. 424 provides, that " when either the plaintiff or defendant has witnesses, whom he wishes to be heard in support of his claims, he must cause the testimony of such witnesses to be taken in writing, to be read in evidence on the trial of the cause, *pursuant to the rules of the respective courts.*" Art. 425 declares, that if the witness reside out of the parish in which the suit is pending, the plaintiff or defendant shall be entitled to obtain from the court a commission to take his deposition. It will be seen, that the code has left very much to the discretion of the Judges of the respective courts, the mode of issuing commissions to take depositions. What rules have been made in the Parish Court, the record does not inform us; but if any rule has been violated, it is the duty of the appellant to show it, and to have annexed the rule to his exception. *It does not* appear, that when the commission was issued, the defendant made any specific objection. Had he done so, we have no doubt of his right to have the names and places of residence of the witnesses stated, and what was expected to be proved by them; but having filed cross-interrogatories, without making any such requisition, it seems to us too late to raise the objection on the trial. The omission of the names of the witnesses, might have been a good ground to decline filing cross-interrogatories; but the defendant does not seem to have sustained any injury from the omission, or to have

made a timely objection; we, therefore, think, the Judge did not err in overruling the objection. In the case cited by the counsel for the defendant, it is admitted, that there was no rule of court upon the subject, and this court decided upon the general principles in relation to the continuance of causes. If the defendant, in this case, had shown that there was no rule of court, it is possible we should have adhered to the doctrine stated in the case relied on.

We think the Judge did not err in overruling the objection made to the deposition of Dawson. He swears, that he has no interest, direct or indirect, in the case; and the counsel has not, in his bill of exceptions, stated any particular in which he is so, but refers generally to his testimony to establish it. This is very indefinite, and too general an objection to the deposition.

Upon the merits of the case, we do not entirely concur with the jury; but as the defendant did not ask for a new trial in the inferior court, we shall not remand it; contenting ourselves with the correction of one error so apparent, that we cannot pass it over. The jury have allowed the plaintiff $242 50, the "amount of the bill of expenses." There is no evidence, that he overpaid any thing, or is liable to pay any thing, or that the expenses are reasonable or necessary. No witness testifies in relation to the expenses, except Dawson, whose evidence, although admissible, is to be received with many grains of allowance, in consequence of his connection with the whole transaction, and the position he occupies. He annexes to his deposition, a bill in his own name against the plaintiff, which the latter has neither paid, nor admitted to be correct, but which Dawson says, that he has paid or assumed to pay. There is no evidence, that the plaintiff ever authorized the payment, or assumption of these charges; nor is the correctness of them established by the production of any receipt or voucher. One charge is a sum of $150, alleged to have been paid to the physician who attended the slave. The physician was examined as a witness, and nothing was asked of him as to the correctness of the charge, or whether it had been settled. There are charges for sums paid to other persons, but they are not called on to testify to their correctness; nor is the plaintiff shown to be liable for them. In the case of *Riggs* v. *Duperrier et al.*, 19

La. 418, we remanded the case, as the plaintiff had failed to prove the amount of damages; and we would, probably, do the same now, if either party had required it; but it must be an extreme case, that will induce us to remand a cause after being tried by a jury, where no motion has been made for a new trial. 19 La. 475.   9 Mart. 286.   15 La. 467.

It is, therefore, ordered and decreed, that the judgment of the Parish Court, so far as it condemns the defendant to pay the sum of twelve hundred dollars, the value of the slave John, be affirmed; but that so far as it relates to the sum of two hundred and forty-two dollars and fifty cents, claimed for expenses, it be annulled and reversed, and the demand dismissed, without prejudice; the defendant paying the costs in the court below, those of the appeal to be paid by the plaintiff.

*Josephs,* for the plaintiff.

*Wharton,* for the appellant.