No. 2276 ˙
Second Circuit

COOK v. LOUISIANA & ARKANSAS
RY. CO.

(April 4, 1927. Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Appeal—Par. 635.**
   The judgment of a lower court in favor of the plaintiff will be reversed when

there is no evidence in the record tending to show the quantum of damages sustained by the plaintiff and no evidence showing liability on the part of the defendant.

2. **Louisiana Digest—Appeal—Par. 715, 717, 718, 729.**

A motion to remand a case for a new trial, on the ground that evidence introduced on the trial as to the amount of damages sustained by the plaintiff is not shown by the stenographer's transcript of the evidence, will be refused when there is no evidence in the record showing liability on the part of defendant to plaintiff for damages and nothing to show that in the interest of justice the case should be remanded.

3. **Louisiana Digest—Appeal—Par. 521.**

Where plaintiff obtained judgment in the trial court and there is a defect in the proof as to the amount of damages suffered by the plaintiff and it is made to appear to the court that it is possible, though not probable, that plaintiff introduced evidence on these points in the trial court sufficient to warrant the judgment obtained by him which is not in the record, the suit will be dismissed as in case of nonsuit.

Appeal from the Second Judicial District Court of Louisiana, Parish of Webster. Hon. Robert Roberts, Jr., Judge.

Action by Will T. Cook against Louisiana & Arkansas Railway Company.

There was judgment for plaintiff and defendant appealed.

Judgment reversed and suit dismissed as of non-suit.

Charles M. Roberts, of Alexandria, attorney for plaintiff, appellee.

White, Holloman & White, of Alexandria, attorney for defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J. This is a suit by W. T. Cook against the Louisiana & Arkansas Railway Company to recover the sum of $409.21, damage alleged to have been done to fifty bales of cotton delivered by him to it for transportation through the negligence of defendant's employees.

The defendant denied liability and especially denied that the cotton was damaged while in its possession.

On these issues the case was tried and there was judgment in favor of the plaintiff for the sum of $204.60 and defendant appealed.

In this court plaintiff moved that the judgment be increased to the amount sued for.

Plaintiff has also moved to remand the case for a new trial on the grounds:

"That through some error, which he cannot understand, evidence as to the amount of damages suffered by plaintiff is not shown in the note of evidence filed in this case.

"That this omission was not noticed by counsel for plaintiff until he obtained from the clerk of this court the record in this case for the purpose of preparing a brief in support of the plaintiff's contention."

## OPINION

Plaintiff has asked that this case be remanded for the purpose of taking evidence as to the amount of damages suffered by him by reason of the alleged wrongful acts of defendant, but if this were done and the evidence introduced proved that his cotton was damaged to the amount claimed, he still would not be entitled to judgment for the reason that there is no evidence in the record tending to show that the cotton was damaged while in the defendant's possession or

that defendant was guilty of any negligence in the handling of his cotton.

Counsel for plaintiff in oral argument insisted that there was evidence introduced on the trial sufficient to warrant the judgment rendered in plaintiff's favor.

The stenographer's transcript of the evidence bears the following certificate:

"I hereby certify that the above and foregoing is a true and correct translation of my stenographic notes taken on the trial of the above numbered and entitled cause taken at the time and place as set forth on page one (1) hereof.

"Sworn to and subscribed on this the 2nd day of July, A. D. 1924.

"COOK & RUSS,
"Reporters.
"By Mrs. John Marshall,
"Reporter."

In view of the fact that there was judgment in favor of the plaintiff in the lower court and his counsel earnestly insists that through unexplainable error evidence taken on the trial sufficient to support the judgment is not in the record, we are not disposed to cut plaintiff off from any rights he may have by a final judgment here.

In our opinion, plaintiff's case should be dismissed as in case of non-suit.

Houghteling vs. Fisher, 19 La. 475.

Lowry vs. Erwin, 5 La. Ann. 205.

State vs. Moore.

For the reasons assigned it is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that plaintiff's suit be dismissed as in case of non-suit.