## Fink, Executor, *v.* Martin et al.

Where plaintiff alleges that he is a creditor of the defendant, and that the latter had executed a mortgage on his property in favor of his co-defendant, without consideration, and for the fraudulent purpose of defeating plaintiff's recourse upon the mortgaged property, and prays that the mortgage may be cancelled, and the property subjected to the payment of his claims, plaintiff must prove that he is a creditor. Proof of that fact is essential to support the action; nor is it dispensed with by the fact of the judgment being taken by default. C. P. 312, 360.

The tacit issue made by a judgment by default, cannot be considered as a plea of any matter amounting only to a dilatory exception. Act 20 March, 1839, s. 23.

APPEAL from the District Court of the First District, *Buchanan*, J. *Hoffman*, for the plaintiff, cited Code of Pract. arts. 346, 360. 9 Mart. 459. 6 La. 457. 7 La. 178. 17 La. 84. Civ. Code, arts. 1968, 1970, 1971, 1972.

*McHenry*, for the appellants, cited Civil Code, arts. 1965, 1967, 1972, 1973, 1989. 10 Mart. 605.

*Roselius*, appeared on the same side.

The judgment of the court was pronounced by

SLIDELL, J. The plaintiff alleged that he was the dative testamentary executor of the succession of *Sarah Baum*; that, as such, he had recovered judgment against *Martin*, for a sum of $1,500 and upwards, in the Court of Probates, and had also claims against him for a still greater amount, upon which suit had been instituted and was pending in the Court of Probates. These claims, it is alleged, had been prosecuted in the Court of Probates against *Martin*, as the official surety of *Powell*, a former executor. The precise amount is not alleged either of the judgment or of the claims still in suit.

The petitioner further alleges that, in the year 1842, *Martin* had, in order to defeat the rights of plaintiff as a creditor, executed, without any consideration, in favor of *Ross*, the co-defendant, a mortgage to secure the payment of a pretended indebtedness of $30,000 ; that the acknowledgement of indebtedness and the execution of the mortgage, were a mere fraudulent device to cover the whole of the mortgagor's property; that the contract of suretyship was made anterior to the execution of this simulated deed, and that the plaintiff has no means of obtaining satisfaction of his judgment, unless the mortgage should be set aside. The petition contains some other allegations which it is unnecessary

FINK
*v.*
MARTIN.

to detail; and concludes by a prayer that the mortgage be annulled, and the lands and slaves decreed to be liable to the judgments and executions had and to be had against *Martin*, and applied to pay the same.

Interrogatories were propounded to the defendant *Ross*. He answered them. Judgment by default was taken against both defendants. A prayer for oyer was then filed, and the default was set aside on an *ex parte* order. The prayer for oyer was subsequently dismissed, a new default was taken, new interrogatories were propounded, and, after the legal delay, these interrogatories were taken as confessed, and the judgment by default made final according to the prayer of the petition, and without any specification of amounts. After an unsuccessful attempt to obtain a new trial, the defendants appealed.

The judgment was, in our opinion, erroneously rendered. Without considering the alleged deficiency of evidence on other points, it suffices to say that there was no proof that the plaintiff was a creditor of the defendant *Martin*. The allegation that he was such a creditor was indispensable to support the action, and, unless sustained by satisfactory evidence, the relief prayed for could not legally be granted.

The interrogatories do not touch the question of *Martin's* indebtedness, nor does the testimony of the witness *Smith*. The only other evidence exhibited by the record was that of the plaintiff's attorney. His testimony exhibits a proposition of arrangement by giving a mortgage, as made by *Martin* verbally; but is so loose and vague that it amounts to nothing more than proving a proposition of compromise of some claim, the nature and amount of which is not shown, nor even its existence declared to have been acknowledged by the defendant. We may suppose, as suggested by counsel, that the testimony was badly taken down by the clerk; but the defendants have a right to have the case considered by us on the statement of evidence as presented by the record, and it is utterly inadequate to sustain the decree.

The plaintiff has contended that, because, after the efforts for mere delay made by the defendants, there was judgment by default and no answer was filed, he was dispensed from the necessity of that full proof which otherwise might have been required. He relies upon article 360 of the Code of Practice. The language of this article is confused and illogical, but it has never been held to admit of the interpretation which the plaintiff demands. There is, to a certain extent, a contradiction between this article and article 312; but both accord in this, that some proof must be made to justify the confirmation of the judgment by default. The effect of the judgment by default seems to have been considered as dispensing the plaintiff from proving those allegations, which, under a plea of the general denial, would be considered as admitted; such as the capacity of an executor, &c. It was also considered, in a case cited by counsel, as in the nature of a corroborating circumstance, dispensing with the necessity of more than one witness in the case of a demand exceeding $500. But, in the present case, we are called upon to give to the judgment by default a more enlarged effect, by dispensing with proof of a fact vitally essential to the maintenance of the action, to wit, that *Martin*, the alleged fraudulent mortgagor, was the plaintiff's debtor.

Nor does the act of 1839 aid the plaintiff. Giving that act the most liberal interpretation of which it is susceptible, it can, for the purpose of our present enquiry, establish nothing more than that, the tacit issue created by a judgment by default, should not be considered as a plea of such matter as would amount

to a dilatory exception. A denial that the plaintiff was a creditor of *Martin*, the alleged fraudulent mortgagor, cannot be classed in that category. The defendants have asked a judgment in their favor, or else a judgment of non-suit. We cannot give either. Justice requires that the case be remanded. It is due to the rights of the creditor on the one hand, and to the reputation of the defendants on the other, that the case should undergo a careful scrutiny. The defendants will have an opportunity to plead in the cause and vindicate their integrity; and the plaintiff to exhibit, if it exist, sufficient evidence that he is entiled to relief.

It is, therefore decreed, that the judgment of the District Court be avoided, and the case remanded to be proceeded in according to law, the plaintiffs paying the costs of this appeal; the residue of the costs to abide the final event of the suit.*

---

* *McHenry*, for the appellants, for a re-hearing, urged that the judgment should have been one of non-suit. The court has repeatedly decided " that the discretionary power to remand causes, will be exercised only in extreme cases, when the party has shown due diligence, and is guilty of no *laches.*" *Houghteling* v. *Fisher*, 19 La. 477. *Dupré* v. *Richards*, 11 Rob. 496. The authority to remand a cause is only to be found in arts. 894, 905, 906 of the Code of Practice. Art. 905 makes it the duty of the court, in a case like this, to pronounce such a judgment as the court below should have rendered—which was one of non-suit. *Rehearing refused.*