(36 South. 857.)

No. 15,005.

PATTERSON et al. v. LANDRU et al.*

(April 11, 1904.)

QUIETING TITLE—EVIDENCE—POSSESSION.

1. A deficient muniment of title to real estate cannot be supplemented by the recordation of the affidavit of the claimant. Such affidavit is the mere verbal statement of the claimant, which amounts to nothing at all as a muniment of title to real estate.

2. In Louisiana, whatever may be the rule elsewhere, a plaintiff, by bringing a suit to remove a cloud on his title, does not ipso facto admit that the muniments of title casting the cloud of which he complains are sufficient on their face to show title. He cannot be held to be admitting the very opposite of what he alleges and is trying to show.

3. A suit to remove a cloud on title is in the nature of a suit in slander of title, and cannot be sustained without proof of possession.

(Syllabus by the Court.)

—————

*Rehearing denied June 6, 1904.

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Conrad De Baillon, Judge.

Action by William E. Patterson and others against Joseph T. Landru and others. Judgment for plaintiffs, and defendant Landru appeals. Reversed.

Foster, Milling, Godchaux & Sanders, for appellant. Story & Pugh, for appellees.

PROVOSTY, J. Plaintiffs allege their ownership and possession of a certain tract of land acquired from one Ereckson, and they complain that, in order to cast a cloud upon their title and injure them, the defendant Landru, who claims a pretended right or interest in said property, has caused to be recorded a pretended letter from their vendor, Ereckson, and an affidavit by Landru himself claiming title to said land. They describe fully this letter and affidavit, and pray that the same be decreed to be null, and the defendant not to have any title by virtue of same, and that the recorder be ordered to show cause why he should not expunge the same from his records.

Landru being an absentee, a curator ad hoc was appointed to represent him.

The curator and the recorder filed separate answers, pleading simply the general denial.

On the trial, plaintiffs offered in evidence their title, and the certificate of the recorder showing its recordation, the letter and affidavit complained of, and the certificate of the recorder showing their recordation. They offered no other evidence, and the defendants offered none.

The title of plaintiffs is by act under private signature dated July 1, 1901, and was duly acknowledged before a notary public on the 26th of September, 1901. The act is not authentic; it having been acknowledged before the notary alone, not before him and two witnesses. Leibe v. Hebersmith, 39 La. Ann. 1050, 3 South. 283; Spanier v. De Voe,

52 La. Ann. 584, 27 South. 174. The letter and affidavit in question were recorded on August 19, 1901. They read as follows:

"March 24, 1901.

"To my friends: After I got letter back which I wrote to Tom Linson which had not been delivered I write you this to let you know that I got to have the deed that is necessary in order to get a good title from him to me and I to you and when I get that everything is all right and nothing in the way.

"I have found the note that I told you about. You go on and work the farm and give one hundred dollars and pay the taxes for 1901 and I will bring you the contract or bond for deed, but if you should not want anything to do with it then tell Mr. Tom Linson and he shall sell to whoever he can at $12 per acre if possible.

"Regards to all.

"[Signed]　　　　　Thomas Ereckson."

Hogan H. Johnson, being duly sworn, says:

"The foregoing is translation of letter written in Norwegian language, and handed to me by Joseph T. Landru for that purpose, and same is true and correct translation.

"[Signed]　　　　　H. H. Johnson.

"Sworn to and subscribed before me this 19th day of August, 1901.

"[Signed]　　　Joe G. Medlenka,

"Notary Public."

"State of Louisiana. Parish of Acadia. Joseph T. Landru, a resident of Acadia parish, Louisiana, appeared before the undersigned authority on the 19th day of August, 1901, and, on being duly sworn, deposed and said:

"About the 29th day of December, 1900, I contracted with Thomas Ereckson, a resident of Malta, Illinois, for the purchase of 292.58 acres of land, described as being lots four and five (4 and 5) of the Isaac Baldwin tract, in section (54) fifty-four, township (9) nine, range two (2) west, Louisiana Merd., situated in the parish of Acadia, for the price of three thousand ($3.000), payable any time within ten years, interest payable annually at the rate of seven per cent., with exception that interest for 1901 on full amount should only be one hundred dollars, no less sum than five hundred dollars at time to be paid on principal, with the understanding that a failure to pay interest and taxes annually would forfeit the place.

"On the 2d day of January, 1901, the said Thomas Ereckson delivered the said tract of land into my possession, and I have been residing on same ever since as owner thereof.

"That foregoing letter translated by H. H. Johnson is addressed to me.

"This affidavit is for the purpose of giving notice to public that I am the owner of the said described tract of land.

"[Signed]　　　　　Joseph T. Landru.

"Sworn to and subscribed before me this 19th day of August, 1901.

"[Signed]　　　Joseph G. Medlenka,

"Notary Public."

Judgment went for plaintiffs, and from same the defendant Landru, in person, has prosecuted the present appeal.

The first contention of defendant is that this suit is the common-law action for removal of cloud on title, which admits the sufficiency of the impugned title on its face, but seeks to overthrow it by extrinsic evidence (Am. & Eng. Ency. of L., vol. 6, pp. 149, 150), and that by bringing their suit in this form the plaintiffs have admitted the sufficiency of the letter and affidavit to make out title to the land, and that, since plaintiffs have not introduced any extrinsic evidence to impugn the title whose sufficiency is thus admitted, and since this title was recorded first, the suit of plaintiffs must be dismissed.

This contention has no merit. Plaintiffs, both by the theory of their suit and by their express allegations, assert the insufficiency

of this letter and affidavit to make out title; and plainly we cannot hold them to be admitting the very opposite of what they are asserting and trying to show. Any contrary doctrine could only be founded on a strange technicality, which it would not do to transplant into our jurisprudence. Even at common law the rule invoked by the learned counsel goes no further than to require of a plaintiff that he show some substantial ground of apprehension of future annoyance or disturbance, and not vex the court with mere idle fears. See same volume, p. 155, note, "Reason of Rule."

The next contention of defendant is that there has been a verbal sale of the land to him, and that this verbal sale is good as between the parties (Civ. Code, art. 2275), and that this verbal sale, as confirmed by the letter and further evidenced by the affidavit, both duly recorded, makes out a title even as to third persons.

This is utterly untenable. The affidavit is merely the statement of Landru, and amounts to nothing at all as a muniment of title. The letter, if really addressed to Landru, shows nothing more than that there must have been some conversation or communication between him and Ereckson in which something was said in regard to the sale of a farm—probably the land in question—but that no definite understanding was arrived at on the subject. Doubtless, as between Landru and Ereckson, this letter might be supplemented by interrogatories on facts and articles; but, plainly, whatever might be elicited by that means could not have any effect as against third persons already owners by recorded title derived from Ereckson. In the matter of title to real estate, the rule is, first in registry, first in right. Civ. Code, art. 2266.

The third contention of defendant is that he is in possession of the property, and that plaintiffs should have brought the petitory action, and that they cannot proceed by attacking the title papers of defendant in this manner.

This is in reality a suit in slander of title, the basis of which must be possession by the plaintiff. Dalton v. Wickliffe, 35 La. Ann. 355. There being in the record no proof of which party is in possession, the case must be remanded for evidence on that point with instructions to the lower court to nonsuit plaintiffs and relegate them to the petitory action in case they cannot show possession.

The action of slander of title is not one of the actions provided for in the Code. It is the child of necessity. Without it the owner in possession would be helpless against the slanders of his title. Being in possession, he could not bring the petitory action; and, his possession being undisturbed, he could not bring the possessory action. But this child of necessity cannot be recognized beyond the necessity that has given it birth. Hence, if plaintiffs are out of possession, they must bring the petitory action. Otherwise, after they should have vindicated their title in the present suit, they would have to bring another to recover possession, and thus vex the courts and burden defendant with a multiplicity of suits, which is a thing the law abhors and will not tolerate. Besides, if the absentee defendant was in possession by a tenant, the appointment of the curator ad hoc was irregular; the proper person to proceed against being this tenant, the representative of defendant with reference to the possession of the property. As the case stands on the pleadings, defendant must be viewed as claiming title by virtue of the muniments of title in question, and the suit must be dealt with as one in slander of title, in which the defendant has denied the possession of the plaintiff, and, in the alternative, asserted title.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be

set aside, and that this case be remanded to be proceeded with in accordance with the views herein expressed.