ROGERS, Justice.
 

 This is a jactitation suit, in which the district court, on confirmation of default, gave plaintiff judgment, quieting him in the possession of a mineral lease covering forty acres of land in Sabine parish, decreeing that the numerous defendants are without any right, title, or interest in and to the lease; that it be plaintiff's property by clear and unencumbered title, and that the clerk of court be ordered to erase from the conveyance and mortgage records the instruments described in the petition so far as they attempt to affect the property of plaintiff.
 

 
 *509
 
 On appeal by J. H. Reeves and W. H. Knott, two of the defendants, and the heirs of J. H. McNeely, also a defendant, the Court of Appeal, on the original hearing, amended the judgment by eliminating that part which recognized plaintiff as the owner of the mineral lease free of any claims by defendants and ordering the erasure from the public records of the alleged slanderous instruments. On rehearing, the Court of Appeal reinstated its decree with an amendment ordering the appellants to institute suit against plaintiff in revendication of their rights, but without fixing the time within which the suit must be brought.
 

 The Court of Appeal also declared that its judgment was effective only as regards the appellants and the appellee; that the other defendants, not having appealed, the judgment of the district court could not be amended or altered as to them.
 

 The matter is brought up for review at plaintiff’s instance.
 

 On appellant’s failure to answer plaintiff’s suit, issue was tacitly joined by default, on which, in due course, judgment was rendered. The judgment, in accordance with the prayer of the petition, not only sustained plaintiff’s possession and condemned appellants as slanderers of his title, but also decreed plaintiff to be the owner of the property by clear and unencumbered title and ordered the erasure from the public records of the instruments evidencing appellants’ recorded titles, whatever they might be.
 

 Plaintiff strenuously contends that the Court of Appeal erred in not permitting to stand that part of the judgment decreeing him to. be the absolute owner of the mineral lease, ordering the cancellation of the recorded evidence of appellants’ rights therein, and directing appellants to institute suit within an unnamed period in revendication of their rights.
 

 In our opinion, the only error committed by the Court of Appeal was in failing to fix a reasonable time within which the appellants must institute suit in revendication under penalty of losing their right of action.
 

 Plaintiff’s petition and prayer disclose that this is a jactitation or slander of title suit purely and simply. The object of such suit is to protect possession, not to establish title, unless defendant tenders that issue in his answer. Gay v. Ellis, 33 La.Ann. 249; Dalton v. Wickliffe, 35 La.Ann. 355; McConnell v. Ory, 46 La. Ann. 564, 15 So. 424; Labarre v. Cypress Co., 133 La. 854, 63 So. 380; Miller v. Lumber Co., 134 La. 225, 63 So. 883.
 

 No issue of title was tendered by appellants, and no such issue was raised by the entry of the preliminary default. The entry of the default had no other effect than to form a tacit joinder of issue on the basis of a general denial. It merely served to put the plaintiff on proof of the relevant facts alleged. Code Prac. arts. 310, 311, 312, and 360; Fink v. Martin, 1 La.Ann. 117, 118. No issue of title could be ingrafted into the action by plaintiff’s demand to be declared the owner of the mineral lease.
 

 In the absence of an answer setting up title, the only possible' issues in
 
 *511
 
 volved in the suit are the possession of plaintiff and the slander by the defendants. Williams’ Heirs v.
 
 Zengel,
 
 117 La. 599, 609, 42 So. 153. That is all that plaintiff was legally entitled to prove. But the judgment of the district court not only -maintained plaintiff’s possession and condemned defendants as slanderers of his title, it also decreed plaintiff to be the •owner of the mineral lease by clear and unencumbered title. In this respect it went further than authorized by law, as was correctly held by the Court of Appeal.
 

 In a jactitation or slander of title suit, the relief sought' is that defendant be ordered to bring suit to establish his pretentions, pay damages for the slander, and that the plaintiff be quieted in his possession. Livingston v. Heerman, 9 Mart.(O.S.) 656; Proctor v. Richardson, 11 La. 186; Walden v. Peters, 2 Rob. 331, 38 Am.Dec. 213; Packwood v. Dorsey, 4 La.Ann. 90; Dalton v. Wickliffe, 35 La. Ann. 355; Poland v. Dreyfous, 48 La.Ann. 83, 84, 18 So. 906; Patterson v. Landru, 112 La. 1069, 1074, 36 So. 857; Matthews v. Slattery, 126 La. 120, 123, 52 So. 238; Young v. Morgan City, 129 La. 339, 342,
 
 56
 
 So. 303.
 

 It does not try the issue of title, unless the defendant in his answer chooses to tender that issue. Livingston v. Heerman, supra; Young v. Morgan City, supra; McConnell v. Ory, 46 La.Ann. 564, 567, 15 So. 424; Labarre v. Cypress Co., 133 La. 854, 63 So. 380; Miller v. Lumber Co., 134 La. 225, 63 So. 883.
 

 Since appellants did.not by answer tender the issue of title, the character of the action was not changed. Plaintiff having proved his possession and the slander, the Court of Appeal was correct in ordering appellants' to institute their suit in revendication of their rights appearing on the public records, thus terminating the action. As shown by the opinion of the Court of Appeal on rehearing, the judgment is in accordance with the prayer of plaintiff’s petition.
 

 In declining to fix the time within which the suit should be brought, the Court of Appeal followed the decision of this court in Young v. Town of Morgan City, 129 La. 339, 56 So. 303. The court, in that case, held, as shown by the syllabus, No. 4, that: “Defendant in a jactitation suit can be condemned by judgment of court to file suit against plaintiff, setting up his title to the property in controversy, but not within a limited time, under the penalty of being thereafter prohibited from filing such suit.” Proctor v. Richardson, 11 La. 186, 188 and Packwood v. Dorsey, 4 La. Ann. 90, 94 are cited in support of the holding.
 

 An examination of the cited cases discloses that the holding is supported by Packwood v. Dorsey, but not by Proctor v. Richardson.
 

 The first case in our reports on the subject of a jactitation or slander of title suit appears to be that of Livingston v. Heerman, 9 Mart.(O.S.) 656, decided in 1821, four years before the adoption of the Code of Practice, pursuant to the provisions of the fourth law of the second title of the third partida. Bell v. Saunders, 139 La. 1037, 72 So. 727.
 

 
 *513
 
 The remedy for slander of title provided by the partidas extended no further than to authorize the injured party to obtain judgment against the party setting up the adverse claim, ordering him to institute an action within a given time, to the end that his rights might be judicially ascertained.
 

 In Packwood v. Dorsey, the court recognized the action as a part of the jurisprudence founded on the Spanish law, but held that in view of the repeal of the Spanish laws in 1828, the court was at liberty to adopt any rule in furtherance of the object of the action not contrary to the Code of Practice.
 

 The court in its opinion, at page 95 of 4 La.Ann., after stating that it was impossible to extend the law to all cases as maintained by the Spanish writers, said: “In an action for the slander of title to property we see no reason why a judgment should not be rendered, ordering the defendant to institute his suit in order to establish his asserted pretensions to the property which he may set up. This judgment will stand to the plaintiff as a perpetual default of the defendant. But we know of no authority on the part of the court to fix any term, within which the party can be compelled to assert his rights under the penalty of being deprived of them.” And the court, accordingly, so held.
 

 Since the decisions in Livingston v. Heerman and Packwood v. Dorsey, this court has repeatedly declared that the action of slander of 'title is a creature of the jurisprudence and not of the statutory law. Some of the cases so declaring are the following, viz.: Dalton v. Wickliffe, 35 La. Ann. 355; Remick v. Lang, 47 La.Ann. 914, 17 So. 461; Patterson v. Landru, 112 La. 1069, 36 So. 857; Williams’ Heirs v. Zengel, 117 La. 599, 605, 42 So. 153.
 

 Thus, in Dalton v. Wickliffe, the court stated: “Though not specifically regulated by our Codes, the nature, objects and requisites of the -action of slander of title have been fully settled by our jurisprudence.” And in Patterson v. Landru appears the following, at page 1074 of 112 La., 36 So. 857, 858: “The action of slander of title is not one of the actions'provided for in the Code. It is the child of necessity. Without it the owner in possession would be helpless against the slanders of his title. Being in possession, he could not bring the petitory action; and, his possession being undisturbed, he could not bring the possessory action. But this child of necessity cannot be recognized beyond the necessity that has given it birth.”
 

 The rule announced in Packwood v. Dorsey and Young v. Morgan City is entirely too restricted to be of any practical value to the party whose property is slandered, particularly where the slander is in the form of instruments spread, upon the public records. The remedy of the injured party under the rule is one more of shadow than of substance. Of what avail is it to him that he be permitted to obtain a judgment ordering the slanderer of his title to institute suit to vindicate his claims, if a time limit be not fixed within which the suit must be brought.
 

 Since the remedy is one of necessity established by the jurisprudence, and not by
 
 *515
 
 the Codes, we see no reason why the courts cannot regulate the remedy so as to make it effective for the purpose for which it was established there being nothing in the Codes to prohibit such regulation.
 

 If a person has a legal.right needing judicial enforcement or judicial protection, it is a general rule that he is entitled to a legal remedy. Citizens’ Bank v. Marr, 111 La. 601, 35 So. 780. Obviously, the remedy must be adequate to the situation.
 

 Right and remedy are reciprocal .and to deny the remedy is to destroy the right. 1 C.J., p. 985, § 93.
 

 There are cases in the jurisprudence in which a party claiming a right has been required to judicially assert the right within a reasonable time under penalty of being thereafter precluded from so doing.
 

 This court recently held that the. Code of Practice does not exclude all other remedies than those therein provided for, and that courts will afford other appropriate remedies where the law is silent and such remedies are not prohibited, if the ends of justice will be promoted thereby. See Allen v. Shreveport Mut. Bldg. Ass’n, 183 La. 521, 164 So. 328.
 

 For the reasons assigned, the judgment of the Court of Appeal is amended so as to require the appellants J. H. Reeves, W. M. Knott and the heirs of J. H. McNeely to institute the suit against the plaintiff, Morris Siegel, in revendication of their rights within 60 days after this judgment shall become final, and in default of such suit being instituted within the time fixed, that the said appellants be thereafter forever barred from setting up any claims, rights, or privileges to, on, or against the property described in plaintiff’s petition, and plaintiff be empowered to cause the clerk of court for Sabine parish to erase from the conveyance and mortgage records of the parish the instruments described in plaintiff’s petition so far as they bear upon and affect the property described in the petition. This judgment to be effective only as regards the appellants and the plaintiff. Costs of this proceeding to be paid by the appellants.