This is a jactitation suit. Plaintiff, alleging himself to be in actual possession of the Southwest Quarter of the Southwest Quarter, Section 7, Township 15 North, Range 6 West, Bienville Parish, Louisiana, and that the named defendants were slandering his title through the recordation of a land deed in which the defendant, Walter L. George, was named as vendee and by virtue of certain mineral deeds in which the other defendants were named as vendees, and that the slander of title was being wilfully done with intent to injure plaintiff and to hamper the development of his property for oil, filed this suit praying for $1,000 as damage caused by the effect of the recordations upon the marketability of his title; for $250 attorney's fees and for a judgment ordering defendants to assert their rights within a time limit to be fixed by the Court, and upon failure to so do that they be perpetually barred from asserting any claims against the property described in the petition.
Defendants in their answer denied plaintiff's possession of the land described in his petition; admitted the recordation of the instruments described in the petition and asked for judgment against the plaintiff "denying unto him his prayer."
From a judgment rejecting his demands, plaintiff took an appeal to the Supreme Court of Louisiana. The appeal was transferred to this Court and is now before us.
Since defendants in their answer presented no issue as to title, and admitted the existence and recordation of the instruments described in plaintiff's petition, the only issue before the Trial Court was whether or not plaintiff was in possession of the property described in his petition.
The uncontradicted evidence in the record is that plaintiff Arch Green went on the property more than fifty years previous to the trial, cleared it, built with his own hands first a log or pole house — replaced some years later by a box or frame house — fenced the land, cultivated it and remained on the land up to, and including the day of the trial below.
Plaintiff testified that the whole forty acres was under cultivation at the time of the trial. His continuous and open possession of the property for more than fifty years was confirmed by the testimony of his near neighbors, both white and colored.
Defendants introduced in evidence a tax adjudication of the property involved to the State of Louisiana and a warranty deed dated in 1907 from the plaintiff to W. P. Lucky et al. and an extract from the assessment rolls for the years 1916, 1926 and 1930, each showing Arch Green to be assessed with movable property, but not with the property described in the petition. In rebuttal, plaintiff introduced a tax redemption deed from the State of Louisiana. Defendant Walter L. George testified that he paid the money for the tax redemption.
Defendants in brief contended that the plaintiff was in possession by "sufferance" through the tolerance of his vendees (in the deed to W. P. Lucky, et al executed in 1907) and their successors in title and that he did not "possess as owner."
The record shows that after the recordation of the deed from plaintiff to W. P. Lucky et al., plaintiff's possession of the land continued. He paid no rent and continued to live on the property, he continued to raise his crops and retain all the produce. The record shows that years after the Lucky deed, plaintiff sold the timber to the Bodcaw Lumber Company for the price of $400 and kept all the money. The only evidence of any disturbance of plaintiff's possession was that of the defendant Walter George, who answered "yes" to the leading question: "Did you ever demand that Arch Green move off the property?" His answers to subsequent questions leaves us in doubt as to whether or not the demand to *Page 549 
move was made upon plaintiff in person, but the record is clear that plaintiff kept complete possession of the property. There is no testimony in the record that any of the defendants ever collected any rent, cut any timber or exercised any type of possession upon the property.
We conclude that the plaintiff by a clear preponderance of evidence established that he was, at the time suit was filed, in actual and complete possession of the property described in his petition.
Defendants' brief further set forth that the plaintiff had executed a warranty deed to W. P. Lucky and sons, ancestors intitle of defendants-appellees, and cites authorities as to the type of possession necessary for vender to acquire title by prescription as against his vendee. These authorities would be relevant had defendants tendered the issue of title in the answer and had there been proof presented of a chain of title from plaintiff's original vendee to the defendants. However, no issue of title was presented and there is no proof in the record that defendants are successors in title to the vendee named in the 1907 deed to W. P. Lucky, et al.
As stated by the Supreme Court in the case of Siegel v. Helis et al., 186 La. 506, 172 So. 768, the object of a jactitation or slander of title suit is purely and simply to protect possession and not to establish title.
The only possible issues involved in such a suit are the possession of plaintiff and the slander by defendants. The record clearly established the possession by plaintiff and the slander is admitted by defendants. Under these circumstances plaintiff is entitled to judgment.
There was no proof in the record to support plaintiff's claims for damages or attorney's fees.
For the reasons assigned, the judgment of the District Court is set aside and judgment is now rendered in favor of plaintiff, Arch Green, and against the defendants, Walter L. George, J. R. Goff, J. H. Poole, Dorothy Jane George, C. E. Tooke, Sr., S.E. Mix and Dee Vanzant, requiring said defendants to institute suit against the plaintiff in revendication of their rights within sixty days after this judgment shall become final and in default of such suit being instituted within the time fixed, that the said defendants be thereafter forever barred from setting up any claims or rights to or against the property described in plaintiff's petition, and that plaintiff be empowered to cause the Clerk of Court for Bienville Parish, Louisiana to erase from the conveyance records of that parish the instruments described in plaintiff's petition. Costs to be paid by defendants-appellees.