LOTTINGER, Judge.
This is a suit in jactitation or slander of title by James A. Finch against Joseph E. Schexnayder. From a judgment below dismissing petitioner’s suit, petitioner has taken this appeal.
Petitioner alleges that he is the owner and possessor as owner of a certain tract of land situated in the Parish of Livingston, State of Louisiana, comprising some five acres more or less, described as follows, to-wit: “A certain piece or portion of ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining, situated on the Gonzales-Ponchat-oula Highway, in Ward Seven (7) of Livingston Parish, State of Louisiana, near the town of Port Vincent, containing five (S) acres, more or less, measuring about Six Hundred Twenty-eight (628) feet front on the said highway, by a depth of about Three Hundred Seventy (370) feet, between equal and parallel lines, bounded on the West by the said Highway, on the east by lands of Roux, on the South by lands of Jos. Reichman, and on the North by lands of Cambre, all as more fully shown by a private sketch annexed to an act of sale from Lauren J. Bradley, et al to Mrs. Lillian Vincent Jenks, date of April 7, 1942, of record in Livingston Parish of Louisiana and being the same property acquired by present vendor (Mistress Lillian Vincent Jenks) from Lauren J. Bradley et al, on April 7, 1942. He alleges that he, and his authors in title, have been in undisputed and undisturbed possession under continual title for a period of forty-seven years. Petitioner further alleges that on or about August IS, 1949, defendant entered upon petitioner’s property and drove, or caused to be driven, two iron pipes on his property as boundary marks between property owned by petitioner and defendant; that the boundary, as set by defendant, *486 represented an encroachment upon petitioner’s property of 37.5 feet in width by 370.26 feet in length. Shortly thereafter •defendant cut, or caused to be cut, certain trees on petitioner’s property. Petitioner claims that such entry constituted an unlawful possession of same, constituting a slander Of petitioner’s title to said property and an unlawful disturbance of petitioner’s peaceable possession. Petitioner claims damages as follows:
Value of timber removed .$ 90.00
Destruction to attractiveness of property . 100.00
Removal of rubbish left by defend- ■ ant. 10.00
Leveling and draining, of surface cut up by defendant’s trucks .. 20.00
Removal of 15 stumps. 150.00
Total $370.00
Defendant filed an exception of improper cumulation of actions, based upon the allegation that petitioner’s petition was drawn in such a manner as to indicate that he is asserting a petitory action, a possessory action, a jactitation, or slander of title action, and an action to establish title, in the same suit; that such actions are inconsistent; and prayed that petitioner be required to elect which cause of action Ihe would prosecute, and, in default of said election, that petitioner’s suit be dismissed.
In answer to said exception, petitioner elected the action of jactitation, or slander of title.
Petitioner thereafter filed an additional and supplemental petition wherein he alleged additional damages as follows:
Attorney fees . $250.00
Surveyor’s fee . 70.00
Photographer’s fee. 20.00
thus making the total damages involved in the sum of $710.00. Petitioner further alleged in his petition in Article 26, “That, the said Joseph Sc'hexnayder should be cited to appear in the manner provided by law, either to disclaim any title or interest whatsoever, to or in your petitioner’s said property, or any part thereof, or to assert such rights as he may have in petitioner’s said property.” The prayer of the petition conforms with the allegations of the petition in that he prays that a copy of the petition be served upon the defendant and that he be duly cited to appear within the delays provided by law either to disclaim any title whatsoever to the aforesaid property of petitioner or to assert herein such rights as he, the said defendant, may have to said property. He further prays for judgment ordering and commanding the defendant to remove the two iron pipes unlawfully placed by the defendant upon his property and he further prays for damages in the sum of $710.00 to- cover the items as hereinabove specified, together, with interest thereon from judicial demand until paid and costs.
Defendant then filed an exception of no cause or right of action which, on defendant’s motion, was referred to the merits, and later filed answer amounting to a general denial. After trial of the matter, the lower court rendered judgment in favor of defendant, dismissing petitioner’s suit.
Upon trial of the matter, petitioner introduced into evidence deeds tracing his title to the year 1902, a period of forty-seven years prior to the alleged slander of title. Subsequent to acquisition of the property by petitioner, seven years prior to the alleged disturbance, he and Mr. Cambre, whose family owned the adjoining property which is now held by defendant, drove iron boundary stakes into the ground, thus setting the boundary between the two properties. The evidence shows that, when petitioner acquired the said property, it contained much underbrush. Petitioner entered into his property, cut the underbrush and cut the limbs on the trees to a height of some twelve to twenty-five feet from the ground. Petitioner testified that he spent some $3,000.00 in clearing out the said property. Furthermore, a survey was caused to be made by petitioner, which survey showed the boundary between the properties of plaintiff and defendant a-s substantially that as set by petitioner and Mr. Cambre. This survey further showed a discrepancy in the boundary between the property of petitioner and that of a Mr. Potter whereupon the dispute was settled *487 by petitioner purchasing the fifty feet in dispute.
We believe that the above actions on the part of petitioner, substantiated by the testimony of witnesses, was sufficient to show actual possession of the property by petitioner, and such possession was as owner.
In Marks v. Collier, 216 La. 1, 43 So.2d 16, 17, the court said: “The possession required in an action in jactitation is similar to that required in a possessory action. The plaintiff has the right to bring an action in jactitation if 'he has not been deprived of his possession .even though the defendants may have disturbed his possession.* * * This Court has on numerous occasions interpreted the term ‘actual possession’ found in Article 49 of the Code of Practice relative to the possessory action and concluded that a civil possession preceded by an actual corporeal detention of the property is sufficient because the actual possession previously acquired is preserved, maintained and continues in the same manner and effect as if the property had been always possessed. * * * The term ‘actual possession’ has been so construed in actions in jactitation.”
We, therefore, conclude that petitioner has substantiated his claim that he has been in actual possession as owner of the said property for a period of at least a year prior to the disturbance by defendant. We, further, conclude that there is no question but that the present suit was filed within a year of the alleged disturbance.
Petitioner has shown that defendant has slandered his title by placing alleged boundary markers thereon, by cutting timber, and by holding out to the world that defendant was the owner of said property. These actions on the part of defendant were sufficient to constitute a constructive, if not an actual, disturbance of petitioner’s possession so as to avail him relief by the action in jactitation.
Plaintiff’s petition and prayer disclose that this is a jactitation' or slander of title suit, purely and simply. The object of such suit is to protect possession, not to establish title, unless defendant tenders that issue in his answer. The jurisprudence on that question of jactitation or slander of title was thoroughly reviewed by the Supreme Court of this state through Justice •Rogers, in the case entitled, Siegel v. Helis, 186 La. 506, 172 So. 768, 770, and' in this case the Supreme Court held that the object of that type of suit was to protect possession ánd not to establish title unless defendant tenders that issue in his answer. The Supreme Court in the cited case stated: “In the absence of an answer setting up title, the only possible issues involved in the suit are the possession of plaintiff and the slander by the defendants.”
“In a jactitation or slander of title suit, the relief sought is that defendant be ordered to bring suit to establish his preten-tions, pay damages for the slander, and that the plaintiff be quieted in his possession.”
“It does not try the issue of title unless the defendant in his answer chooses to tender that issue.” From this, we can see that plaintiff has couched his petition in the form of a jactitation or slander of title suit and the defendant was called upon to do one of three things, namely:
1. Deny plaintiff’s possession.
2. Deny the slander.
3. Admit the slander and establish title in himself thus turning the action into a petitory one.
In the present suit, defendant filed a general denial and failed to set up title in himself. Thus, his answer amounted to a denial of possessionin petitioner and denial of the slander ,of title.
As we have stated before, there is no question in our minds but that petitioner has proved* the requisite possession. We further feel that he has proved disturbance of his possession by the defendant. Therefore, we feel that petitioner has made out a prima facie case, which shifted the burden upon defendant to overcome the ’ evidence and proof submitted by petitioner. The defendant has totally failed in this'respect.
Defendant only introduced two witnesses, a Mr. Moore and defendant himself. Mr. Moore was a surveyor who was engaged to survey defendant’s property after the disturbance had taken place. He testified *488 only to the fact of his survey, and did not touch on the lack of possession in petitioner nor the lack of slander of title. Thus, his testimony lended nothing whatsoever to the factors involved in this case. Defendant testified very briefly before this case was submitted to the court. Upon his taking the witness stand, defense counsel attempted to introduce defendant’s title into evidence. This was objected to by petitioner’s counsel because the document sought to be introduced obviously contained a discrepancy in the boundaries, and the name of one of the adjoining property owners was misspelled. Upon the objection by petitioner’s attorney, the defendant withdrew the document offered and closed his case, and the matter was submitted to the court.
We believe that the evidence, without doubt, preponderates in favor of petitioner. He has clearly shown possession in himself and slander of his title by defendant. Nothing was introduced by defendant which would, in any manner whatsoever, tend to cast doubt upon the evidence submitted by petitioner. We have not been favored by a written opinion of the lower court, however, from our appreciation of an action of this nature, we feel that the demand of petitioner should have been granted.
Petitioner has submitted proof of each item of damages which he has claimed. As to the claim for attorney fees in the sum of $250.00, it is well settled in this state that attorney fees are not recoverable in an action for slander of title. City of Shreveport v. Kahn, 194 La. 55, 193 So. 461; Meraux & Nunez, Inc., v. Gaidry, 171 La. 852, 132 So. 401.
 Where, in an action in slander of title, or jactitation, the defendant does not resolve the suit into a petitory action, the petitioner, having proven his possession and the slander, is entitled to a judgment maintaining his possession and ordering the defendant to institute a suit in revendication of his rights; and to have the court fix a reasonable time within which the action in revendication shall be commenced. Siegel v. Helis, 186 La. 506, 172 So. 768. We believe that a period of sixty days would suffice.
For the reasons above assigned, the judgment of the lower court is hereby reversed and set aside and accordingly there is judgment herein in favor of petitioner, James A. Finch, and against Joseph E. Schex-nayder, maintaining the said petitioner, James A. Finch, in possession of his property as herein described and awarding plaintiff, James A. Finch, judgment in damages against Joseph E. Schexnayder in the sum of $460.00, with legal interest thereon from date of judicial demand until paid, and ordering defendant, Joseph E. Schex-nayder, to institute suit against petitioner, James A. Finch, in revendication of his rights within a period of 60 days after this judgment becomes final and, in default of suit being instituted within the time fixed, that defendant, Joseph E. Schexnayder, be, thereafter, forever barred from setting up any claims, rights or privileges to, on, or against the property described herein. All costs are to be paid by defendant.
Judgment reversed.