CALOGERO, Justice.
The troubling issue in this case, whether a possessory action may be brought against the State of Louisiana, has produced contrary opinions in this Court originally and on first rehearing. Plaintiffs, who won in the lower courts, and who with minor exceptions prevailed in this Court on original hearing, only to lose on first rehearing, were granted a rehearing by this Court, the first that they have had reason to seek.[1]
In an opinion written for the Court by this same author, rendered on November 28, 1983, we determined that a possessory action may be maintained against the state. However, we concluded that the successful plaintiff's right under La.Code Civ.Pro. art. 3662(2) to have the judge require that the losing defendant file a petitory action within a period not to exceed sixty days (where plaintiff has prayed for such relief) is not constitutionally permissible when the state is the loser in the possessory action.
After we granted a rehearing sought by the state, a differently constituted majority, with three dissents, reversed our earlier judgment and the judgments of the district court and the Court of Appeal and held that “one does not have a cause of action to maintain a possessory action against the state.” That majority’s reasons can be summarized as follows:
1) The purpose of the possessory action is to protect the presumption of ownership as acquisitive prescription accrues.
2) However, since state property can never be acquired by prescription,
3) it would be a useless exercise to give judicial recognition to a plaintiffs right to possess against the state which would never be sufficient to acquire ownership.
4) Furthermore, the strong public policy of the state to protect the wealth of its lands and minerals would not be served by distinguishing between public things and private things and permitting the possesso-ry action against the state as relates to private things.
5) Also, other remedies are available to the owner to protect the peaceful possession of his property whether disturbed by the state or by any other person.
6) Therefore, one does not have a cause of action to maintain a possessory action against the state.
Rehearing applicants have in brief countered a number of the underlying premises on which the majority relied on first rehearing. We now conclude that our original opinion was correct and should be reinstated; that a possessory action may be maintained against the state where the object of possession is a private rather than public thing.
Our reasons are more fully stated in our original opinion. Todd v. State, Dept. of Natural Resources, 456 So.2d 1340 (La.1983) reversing 422 So.2d 1353 (La.App. 1st Cir.1982). Those reasons are adopted herein with one minor exception.[2]
*715 The fallacy of our opinion on first rehearing lies in the assertion that the purpose of the possessory action is simply to facilitate a continued possession while acquisitive prescription accrues, and in rendering a judgment based largely upon an ascertained or presumed public policy of the state, rather than appropriate constitutional and legal principles. We also conclude that the first rehearing majority’s assertion that there are other adequate remedies available to an owner to protect the peaceful possession of his property is in some measure misleading.
Purpose of the Possessory Action
The purpose of a possessory action is to protect possession. It is part of the well-conceived and long-standing system of real actions for the protection of possession and ownership of immovable property, adopted by the Legislature and recognized by the courts of this state. The concept of possession, established by our Civil Code, is designed as a first step in protecting ownership, whether acquired by acquisitive prescription, title, or otherwise. The series of real actions set forth in our Code of Civil Procedure has been carefully structured to establish an orderly procedure by which questions concerning possession, and subsequently ownership, can be determined. Thereunder, the status quo is maintained in order to promote peace and stability and to avoid resort to self-help when disputes arise as to ownership and possession of property.
Accordingly, a presumption is established by the Civil Code that a possessor is the provisional owner of the object of his possession until the true owner establishes his right. La.Civ.Code Ann. art. 3423. Should his possession be disturbed, he is entitled, by means of the possessory action, to be either maintained in or restored to his possession. La.Code Civ.Pro.Ann. art. 3655. The legislative reasoning in adopting this approach to the resolution of disputes over property is self-evident. In most cases, those in possession of land are the owners, not squatters attempting to acquire ownership through acquisitive prescription. Rather than requiring these rightful owners to carry the heavy burden of proof, and expense, in establishing ownership, the Legislature allows one who is disturbed in his possession and who claims ownership to bring a possessory action against any person who evicts him or disturbs his possession. La.Code Civ.Pro. Ann. art. 3658. Because of the difficulty of proving ownership, the law permits a person in possession (normally the owner) to set aside disturbances of that possession simply upon proof of the right to possess rather than upon proof of ownership.[3]
*716 We did of course note in our opinion on original hearing that:
the “intent to possess” in a possessory action has been found to be similar in nature to that required of a person seeking to acquire property by prescription. City of New Orleans v. New Orleans Canal, Inc., 412 So.2d 975 (La.1982); Norton v. Addie, 337 So.2d 432 (La.1976); Liner v. Louisiana Land and Exploration Company, 319 So.2d 766 (La.1975); Note, 49 Tul.Law Review 1173 (1975). Admittedly, too, the possessory action is oftentimes but the “skirmishing ground for the impending contest as to ownership.” Writ System in Real Actions, 22 Tul.Law Review 459 at 467 (1948). However, the fact that one action may in the usual course precede another does not mean that availability of the latter is a sine qua non of the former, (emphasis added)
In fact, the Civil Code clearly provides that “[t]he ownership and the possession of a thing are distinct.” La.Civ.Code Ann. art. 481. And, as Justice Dennis pointed out in his dissent to the first rehearing,
The right to possess is protected by the possessory action not merely for protection of the presumption of ownership inherent in possession, but also for protection of all rights attending possession. These rights include (1) present authority to detain and enjoy (until adverse ownership is proven), La.C.C. arts. 3421, 3422; (2) transferability for value or otherwise, La.C.C. 3441; (3) ownership of fruits gathered during possession and works built on the property possessed, La.C.C. arts. 485-486, 496-497; (4) reimbursement for expenses incurred by the possessor which inure to the owner’s benefit, id., La.C.C. arts. 527-528; (5) and the right to maintain possession until the owner fully reimburses the possessor, La.C.C. 529.
Public Policy Considerations
According to our opinion on first rehearing, the strong public policy of the state to protect the wealth of its lands and minerals requires that all state lands be protected from contrary acquisition, and possession, since the possessory action was deemed to be nothing more than a prelude to ownership through acquisitive prescription, and resulted in the entitlement to certain fruits and revenues even in the event of ultimate eviction. That opinion’s preoccupation with public policy, in our present view, is an inappropriate consideration in light of what we perceive to be controlling constitutional and statutory law. Nonetheless, our examination of the effects of permitting a pos-sessory action against the state indicates that there is little basis for this concern. There is ample protection for the state’s resources without stretching the existing law to exempt the state from the procedures designed by the Legislature to deal with questions of possession and ownership.
The Civil Code does provide that possession involves the “detention or enjoyment of a corporeal thing.” La.Civ.Code Ann. art. 3421. As part of its enjoyment, the possessor is entitled to the ownership of fruits which he has gathered and to the reimbursement of his expenses for fruits he is unable to gather if evicted by the owner. La.Civ.Code Ann. art. 486. The ownership of the fruits, however, is limited to a “good faith possessor,” which includes only one who “possesses by virtue of an act translative of ownership and does not know of any defects in his ownership.” La.Civ.Code Ann. art. 486 and 487. Clearly, a simple squatter or bad faith possessor, who would be eligible to acquire ownership of other than state owned property by means of 30 years acquisitive prescription,[4] would not be entitled to retain the fruits produced on the lands owned by the state *717 (or any other owner if challenged before passage of the thirty year acquisitive period). Such a limitation on the acquisition of fruits certainly alleviates some fears that a possessor of state lands would be entitled to enjoy significant economic advantage at the expense of the state.
Furthermore, some of the state’s more valuable resources, i.e., timber and minerals, would not be classified as fruits, that benefit which would accrue to the good faith possessor of property, state owned or otherwise. The Civil Code defines fruits as “things that are produced by or derived from another thing without diminution of its substance.” La.Civ.Code Ann. art. 551. In contrast to fruits, La.Civ.Code Ann. art. 488 defines products as having been derived “as a result of diminution of its substance.”[5] This same article provides that products “belong to the owner of that thing.” Thus, a possessor in good faith, who may keep fruits, must return products to the owner on demand, but is entitled to reimbursement of his expenses.
In further defining fruits versus non-fruits (products), things which do not diminish substance from things which do, the jurisprudence has determined that neither timber[6] nor minerals[7] are fruits under La.Civ.Code Ann. art. 486. See A.N. Yiannopoulos, Louisiana Civil Law Treatise, Vol. 1, Civil Law of Property §§ 20, 137 (1966). Fruits have been found to refer to “what is produced and reproduced from time to time or in successive seasons,” and neither oil nor timber can be so described.[8]
In this same vein, we reaffirm our determination in the original opinion that the state shall not be subject to the requirement of La.Code Civ.Pro. art. 3662(2) that it assert any adverse claim of ownership in a petitory action within 60 days of the judgment of possession. As we stated in the original opinion:
This reason is based partly on the public policy consideration attending the Constitution’s prohibiting the loss of state lands by acquisitive prescription. More pointedly, however, it is based on the constitutional proscription to the running of liberative prescription against the state, a provision which has been incorporated in our state constitutions since 1898. “Prescription shall not run against the state in any civil matter, unless otherwise provided in this constitution or expressly by law.” La. Const. art. 12 § 13, La. Const. art. 19 § 16 (1921), La. Const. art. 193 (1913 and 1898).
The sixty day period in La.C.C.P. art. 3662(2), within which the trial judge when asked must tell the loser in a pos-sessory action to file a petitory action, fits indeed within the parameters of lib-erative prescription. This sixty (60) day period finds its source in the jactitory action, a jurisprudentially-created action which subsisted as a way of handling slander of title actions. International Paper Co. v. Louisiana Central Lumber Co., 202 La. 621, 639, 12 So.2d 659 (1943); Siegel v. Helis, 186 La. 506, 172 So. 768 (1937) and cases cited therein at 172 So. at 771; Packwood v. Dorsey, 4 La.Ann. 90 (1849). In 1960 with the adoption of the Louisiana Code of Civil *718 Procedure, the former jactitory action was merged with the former possessory action. 35 Tul.L.Rev. 541 (1961). That the sixty day period is a form of libera-tive prescription is evident from jurisprudential history of the jactitory action. Siegel, 172 So. [at] 771; Packwood, 4 La.Ann. 90.[9]
Other Remedies
It has been suggested that similarly situated plaintiffs have numerous alternative actions in the event that this Court decides that a possessory action cannot properly be brought against the state. Among those suggested in brief are an action to remove a cloud from title; an action of nullity; an action in trespass; a declaratory judgment or similar proceedings under La.Code Civ. Pro.Ann. art. 3654; or a revendicatory action. The petitory action and an action of boundary have likewise been mentioned.
There is apparently some question as to whether the action to remove a cloud from title survived the 1960 enactment of the Code of Civil Procedure. Although this Court in Walmsley v. Pan American Petroleum Corp., 244 La. 513, 153 So.2d 375 (1963), relied on introductory remarks before Title II, Real Actions, to conclude that the action was still viable, the decision has been much criticized. Bordelon v. Haas Investment Co., 337 So.2d 904, 905 (La.App. 3rd Cir.1976) (citing Verret v. Norwood, 311 So.2d 86 (La.App. 3rd Cir.1975)). Furthermore, the action, if still valid, is generally brought by one who claims ownership of immovable property against another who has recorded an instrument which operates as a cloud on plaintiff’s title. The desired judgment is the cancellation of the recorded instrument from the public records. Giuffria Realty Co. v. Kathman-Landry, Inc., 173 So.2d 329 (La.App. 4th Cir.1965) (citing Daigle v. Pan American Production Co., 236 La. 578, 108 So.2d 516 (1958)). For instance, the plaintiff in Walmsley claimed ownership of the subject property and sought to have a mineral lease involving this property, but executed by the state Mineral Board, declared null and void, and cancelled. Such an action is not appropriate in the plaintiffs situation here.
An action of nullity, as exemplified in Giuffria Realty Co. v. Kathman-Landry, Inc., 173 So.2d 329 (La.App. 4th Cir.1965), contemplates a situation where plaintiff seeks to attack a title plaintiff himself established. In this case, Giuffria Realty sought the rescission of its purported sale to Salvador Giuffria. It hardly addresses plaintiffs predicament in the matter at hand.
Under the Louisiana Code of Practice, an action in trespass was employed to *719 obtain damages such as resulted from cutting timber, removing dirt, or grazing of cattle by defendant. Such an action could therefore be proper in addition to the pos-sessory action when the disturbance is “in fact.” It would not be appropriate when the disturbance is “in law,” as in this case.
In an action for a declaratory judgment or a concursus, expropriation, or similar proceeding, La.Code Civ.Pro.Ann. art. 3654 provides that the issue of ownership is presented, and that the judgment is rendered in favor of the party either entitled to the possession of immovable property in a possessory action, unless the adverse party proves title, or in favor of the party who proves better title, if neither is entitled to possession. Such actions which specifically incorporate the standards of a possessory action would not seem to be acceptable alternatives to those who object to the use of the possessory action with regard to matters involving the state.[10]
The revendicatory action is available to the owner or person entitled to the possession for the recovery of movables. A.N. Yiannopoulos, La.Civil Law Treatise, Vol. 1 Property § 142 (1966). It is provided for in La.Civ.Code Ann. art. 526. According to Comment (b).
In Louisiana, the revendicatory action for the recovery of immovable property is more specifically designated as petito-ry action and is governed by Articles 3651-3654 of the Louisiana Code of Civil Procedure.
Clearly, a revendicatory action is no alternative for the plaintiff in this case.
And, of course, it can not be maintained that a petitory action would be an appropriate remedy for plaintiff or others who would urge a possessory action against the state. La.Code Civ.Pro.Ann. art. 3651 provides:
The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property.... (emphasis added)
Finally, although a boundary action[11] may be an appropriate alternative to a pos-sessory action in some cases, it would have only limited application. It requires “two contiguous lands” and thus could be utilized only when a plaintiff and the state own adjacent property with the disputed territory between the properties. In this case, the state claims that the disputed territory was the former bed and bottom of the Mississippi River, while plaintiffs contend that the property was formed by accretion, alluvion, dereliction or reliction. We are not dealing with two contiguous lands which have a disputed boundary, and we cannot properly employ the boundary action.
We therefore conclude that of the suggested alternatives to the possessory action by plaintiffs, only the action for a declaratory judgment might be appropriate. However, since the declaratory judgment would involve the issue of ownership of immovable property, the burden of proof would be on the adverse party to the plaintiff in possession (namely the state) to make out its title, just as is the case in the possesso-ry action. Should both of these actions be denied the plaintiffs as objectionable to the state, they would seem to be left with no cause of action.
La.Civ.Code Ann. Art. 3422 and Acquisition of the Right to Possess
Although not addressed in our first rehearing opinion, an argument which perhaps more than any other prompted the first rehearing grant with a consequent first change in the result in this case, originated with the contention in the dissent by the Chief Justice that “the acquisition of the right to possess is itself a kind of prescription which cannot run against the state.” This notion is founded on both the language of La.Civ.Code Ann. art. 3422 and the substance of La.Code Civ.Pro.Ann. art. *720 3658(2), which provide that a possessor for over a year acquires the right to possess and to maintain a possessory action. Proponents equate the one year period before acquisition of the right to possess or ability to bring a possessory action with a prescriptive period running against the state. Of course, prescription against the state is prohibited by both La. Const. art. 12, § 13 and art. 9, § 4(B).[12] However, we can ascertain little foundation for this position in either the Civil Code or jurisprudence of this state.
We point out that the term, “right to possess,” was not found in any French text, the Louisiana Civil Code of 1870, the Louisiana Code of Practice, or the Code of Civil Procedure. The term first appeared in Justice Tate’s concurring opinion in the denial of an application for rehearing in Liner v. Louisiana Land and Exploration Co., 319 So.2d 766 (La.1975) and was subsequently adopted by the redactors in a 1982 amendment to La.Civ.Code Ann. art. 3422. It was apparently devised in recognition of the “confusion [which] has resulted in Louisiana from the use of the word ‘possession’ in the Civil Code and in the jurisprudence to denote both physical control and the right to possess,” the availability of a possessory action. Liner v. Louisiana Land and Exploration Co., 319 So.2d at 781. Thus, the “right to possess” is little more than a shorthand method of saying that one has acquired the right to bring a possessory action. It does not involve any other consequence in Louisiana law and was never intended to alter the civilian scheme of real actions for the protection of possession and ownership of immovable property.
According to La.Civ.Code Ann. art. 3422, “[possession is a matter of fact.” La.Civ. Code Ann. art. 3423 provides that the possessor “is considered provisionally as owner of the thing,” a presumption which apparently commences immediately (without delays, prescriptive or otherwise). Likewise, as soon as possession commences, the possessor may be entitled to fruits and reimbursements of certain expenses. La.Civ.Code Ann. art. 486. Thus, the fact of possession and its attributes are not contingent upon the running of any period of time nor is possession a right acquired by the running of time. It either exists or does not exist without regard to any notion of prescription.
Even the availability of the possessory action, furthermore, is not always delayed one full year from the beginning of possession. According to La.Code Civ.Pro.Ann. art. 3658(2), the requirement of possession for more than a year prior to disturbance is not applicable when the possessor is “evicted by force or fraud.”
It should also be noted that the history of La.Code Civ.Pro.Ann. art. 3658 supports our conclusion that, in connection with the required one year of peaceful possession, prescription is not involved. The source of art. 3658 is art. 49 of the Code of Practice, which in turn corresponds to the 1806 French Code of Civil Procedure art. 23, and the official comment to Article 3658 assures us that no change has occurred in the law with the article’s incorporation in the Louisiana Code of Civil Procedure. French commentators have explained that the requirement of one year’s actual possession for the availability of the possesso-ry action is an emphasis on continuity, which expresses the quality of possession, and the period takes into account the agricultural cycle of preparation, planting and harvesting.[13] Such a period is no prescriptive right, but a procedural assurance of the fact of undisturbed possession.

Decree

For the reasons expressed in our original opinion as well as those expressed herein-above, the decree which we rendered in our original opinion is reinstated. The lower *721 courts’ judgments are affirmed except insofar as they “order [the state] to bring a petitory action against the plaintiffs to assert any claim of ownership that [the state] has to the property ... within sixty (60) days after this judgment becomes executo-ry or be precluded thereafter from asserting the ownership thereof.”
ORIGINAL DECREE REINSTATED; JUDGMENT AMENDED; OTHERWISE AFFIRMED.
DIXON, C.J., dissents with reasons.
MARCUS and BLANCHE, JJ., dissent and assign reasons.

. Rule IX, § 5 of the Louisiana Supreme Court Rules provides in pertinent part:
When a case has been decided on rehearing, another application for rehearing will not be considered unless the applicant has not theretofore applied for and been granted a rehearing.... (emphasis added)

. We acknowledge a mistake in the original opinion with regard to our observations concerning La.Rev.Stat.Ann. § 13:5061, the statute which was in effect in Louisiana between 1930 and 1960. It does not affect our decision. In the interest of accuracy, however, we include in this footnote our present understanding of the *715 history and application of La.Rev.Stat.Ann. § 13:5061.
Our original opinion asserted that between 1930 and 1960, § 13:5061 required that a plaintiff in a possessory action couple the possessory action with the petitory action in a suit against "the state, a municipality, town or village thereof.” With its repeal in 1960, we concluded that the Legislature was, by implication, granting to a private party the unrestricted right to sue the state in a possessory action alone.
Upon closer examination, however, it is clear that § 13:5061 was limited in its application. It was applicable only to a possessory action against a sovereign in which the plaintiff claimed a real right with respect to "public property constituting a locus publicus." When the law was in force it did not affect the provisions of the Code of Practice, which allowed a possessory action against the sovereign where private property was involved. S. Symeonides, Property, 44 La.L.Rev. 505, 508 (1983). The author of this law review article suggests that § 13:5061 was repealed under the belief that the new Code of Civil Procedure, to be promulgated in the same year (1960), would require cumulation of possessory and petitory actions in all cases, not just in those involving the state. He goes on to point out, however, that a different policy prevailed in drafting the Code of Civil Procedure, which, as enacted, prohibits, as a general matter, the cumulation of the two actions. § 13:5061, inexplicably, was never reenacted.

. La.Code Civ.Pro.Ann. art. 3658 enumerates the elements of proof necessary to maintain the possessory action. They include 1) proof of possession of the immovable property at the time the disturbance occurred; 2) proof of quiet possession, without interruption for more than a year immediately prior to the disturbance; 3) proof of a disturbance either in fact or law; and 4) proof that the possessory action was instituted within one year of the disturbance. On the other hand, when a party is claiming ownership *716 of land through a petitory action, he must prove either that he acquired ownership from a previous owner or by acquisitive prescription, if the defendant is in possession of the disputed property. La.Code Civ.Pro. art. 3653(1).

. La.Civ.Code Ann. art. 3486.

. La.Civ.Code Ann. art. 488 originated with the 1979 La. Acts No. 180, § 1. Before that time, Louisiana courts had not distinguished between the terms "fruits” and "products” as had the French. In fact, the two words had been found to have the same meaning. Harang v. Bowie Lumber Co., 145 La. 96, 112, 81 So. 769, 774 (1919); Elder v. Ellerbe, 135 La. 990, 66 So. 337 (1914). Therefore, to apportion the economic advantages between the owner of a thing and others entitled to "fruits," the courts simply differentiated fruits and non-fruits. A.N. Yiannopoulos, La.Civil Law Treatise, Vol. 3 Personal Servitudes (1978).

. Harang v. Bowie Lumber Co., 145 La. 96, 81 So. 769 (1919).

. Elder v. Ellerbe, 135 La. 990, 66 So. 337 (1914).

. Nevertheless, certain mineral interests which result in the payment of bonuses or rentals (paid to keep the lease alive without drilling) do not so diminish the substance as to amount to a partial alienation and are quite analogous to the rentals, given as an example of civil fruits, which, if "gathered,” are not subject to reimbursement by a good faith possessor.

. Plaintiff/relators take issue in brief with this reasoning. They express concern that the foregoing analysis might inappropriately be applied so as to exempt the state from procedural rules, such as, for instance, their obligation to timely appeal a civil case. And they direct our attention to Baudry-Lacantinerie and Tissier, Prescription (Ed. 4, 1924), 5 Civil Law Translation, § 37 p. 24 (1972) wherein the author notes that while the “rules of procedure which prescribe a notification or the confection of certain procedural acts within a definite period of time, under the penalty of forfeiture" might look like prescriptions and are called "judicial prescriptions," they are in fact not true prescriptions. As noted by the author "the procedural forfeiture rules cannot be subjected automatically to the rules of prescription, nor can they be systematically subsumed under some different principles." Thus the time limitation, sanctioned by forfeiture, during which, for instance, an appeal must be filed, should not be treated as if it were a prescriptive period.
Our holding here does not interfere with the logic of that assessment. We acknowledge that there is a distinction between liberative prescription and rules of procedure and endorse plaintiff's assertion that time limitations for appeals involve the application of procedural as opposed to prescriptive principles. Liberative prescription bars actions (from ever being asserted), La.Civ.Code Ann. art. 3447, in this case, the petitory action. Although Comment (b) to art. 3447 suggests that a petitory action is impre-scriptible, La.Code of Civ., Pro.Ann. art. 3662(2) bars the petitory action, on the prayer of the plaintiff, within sixty days that a judgment of possession becomes executory. We have simply held that because prescription cannot run against the state in a civil matter, La. Const. art. 12, § 13, that the state cannot be precluded from filing an (otherwise imprescriptible) action because of inaction for sixty days, or any other period of time. La.Civ.Code Ann. art. 3447.

. According to Comment (e), "the possession required of a plaintiff in a possessory action was adopted here as the arbiter of burden of proof...." It is this burden of proof on the state as a defendant in a possessory action to which the defendant in Todd objects.

. La.Code Civ.Pro.Ann. arts. 3691-3693.

. "Prescription shall not run against the state in any civil matter, unless otherwise provided in this constitution or expressly by law.” Art. 12, § 13, La. Const.1974. "Lands and mineral interests of the state, of a school board, or of a levee district shall not be lost by prescription." Art. 9 § 4(B), La. Const.1974.

. Jean-Marc Trigeaud, La. Possession Des Biens Immobiliers 312 (1981).