O'CONNOR REALTY CO., LTD., v. GREEN ET AL.

(April 7, 1930. Opinion and Decree.)

Dart & Dart and Leo L. Dubourg, of New Orleans, and C. A. Buchler, of Gretna, attorneys for plaintiff, appellee.

John E. Fleury, of New Orleans, attorney for defendants, appellants.

JANVIER, J. This is a petitory action by which plaintiff, O'Connor Realty Company, Limited, seeks to recover certain immovable property which is in the possession of defendants.

The defense is the prescription of thirty years. The district court overruled the plea of prescription, and defendants have appealed.

There is no dispute as to the chain of title under which plaintiff claims ownership of the property, and the discussion is therefore restricted to the question of prescription.

The undisputed facts are that, originally, the land involved here formed part of a larger tract owned by one Thomas B. Lee. In 1874 Lee sold to John Johnson a portion of land immediately adjacent to the property which is involved in this suit, and in 1881 he sold to James M. Harding the property which we have mentioned as adjoining that sold to Johnson, and which Harding property is the realty with which we are now concerned.

The land which Harding acquired he sold to J. H. O'Connor, and later the estate and heirs of O'Connor sold to O'Connor Realty Company, Limited. Johnson died in 1882, and his widow, Maria Johnson, was sent into possession of his estate, including the small tract which he had bought from Lee and which adjoined the O'Connor land.

Maria Johnson died in 1909, and in 1917, by ex parte judgment rendered in her succession proceedings, her heirs, Mary Green and Cecelia Green Ross, two of the present defendants, were sent into possession of her estate.

The judgment of possession purported to send them into possession, not only of the land to which deceased, Maria Johnson, had had title, but also of the O'Connor property, and also of two squares numbered 15 and 20 and belonging to Oakdale Realty Company. Defendants, except Faletta, are heirs of Maria Johnson. Faletta claims to have acquired the property, in which he contends he is interested, by deed from Cecelia Green Ross and Mary Green, two of the defendants, but, as his claim comes directly from those who claimed solely by virtue of prescription, his rights must necessarily stand or fall on the soundness of that plea.

Plaintiff maintains that such possession as defendants and their predecessors may have had was not under the title of owners, and that, although under our law the ownership of immovables may be acquired by prescription of thirty years without the need of title, or of possession in good faith (Civ. Code, art. 3499), nevertheless "the possession on which this prescription is founded must be continuous

and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner." Civ. Code, art. 3500.

Regardless, then, of the time during which this adverse possession of defendants and their predecessors may have continued, we find it necessary to examine the record to ascertain what was the character of the acts indicative of possession performed by defendants.

Whether their predecessors first began using the land in 1874, which is the time at which they bought the adjoining property, or in 1877, which is the time at which, according to one witness, they began to make use of it for certain limited purposes, is of no importance, because, in 1901, or before thirty years from either of said dates had elapsed, Maria Johnson permitted the doing of certain things which, in our opinion, show not only that she did not herself claim ownership of the land in question, but that she recognized the ownership to be in others than herself.

In 1901 the railroad company whose right of way abutted on both the property of Maria Johnson and that involved here, desiring to widen its right of way, purchased from Maria a narrow strip along the front of her land, and from O'Connor another narrow strip along the edge of his property. The railroad then moved back the fence to the new line. Maria Johnson knew that she had been paid only for the small piece of property taken from the front of the land to which she had title, and that she had not been paid for the strip of property taken from the land involved here, and yet she allowed the fence to be moved back, not only on her own land, but on the land in question, without any claim whatever that she was the own-

er of it, or that she was entitled to payment therefor.

This appears to us to be an acknowledgment which is sufficient to interrupt prescription, if, in fact, prescription had ever commenced to run, and, assuming that prescription commenced to run anew, from that time to the filing of this suit was only twenty-two years, which was insufficient time for the accrual of the prescription of thirty years.

We have in the preceding paragraph used the expression "if, in fact, prescription had ever commenced to run." We intend to convey the impression that it is more than doubtful if any of the acts of ownership performed in the indistinct past by any of defendant's predecessors were sufficient to form the basis of prescription, even if no interruption had occurred.

We are quite convinced from the record that at no time was the property in question completely under fence. Various surveys were submitted, and these show conclusively that such fences as did include the property in question also included property belonging to third persons and not now claimed by defendants, and not heretofore claimed by their predecessors, except by inclusion in the judgment of possession in the succession of Maria Johnson. It thus appears that, within the fences claimed to have existed at one time, there was also included considerable other property of third persons, and, between the property of the third persons and the property which defendants now claim, there was no dividing fence or barrier of any kind.

It might as well be said that any resident of the ancient city of Troy could have taken advantage of the famous walls thereof to assist him in maintaining his

right to acquire by prescription the vacant property of any other fellow townsman merely because that vacant property was included within the walls.

Then, too, the record shows that the only actual use ever made of the property by the old Johnson couple consisted in the fact that, at certain irregular intervals of time, they planted a small garden on parts thereof, and at other times allowed a cow or two to graze thereon.

There is no claim that defendants or any of their predecessors ever paid taxes on the land, or ever attempted to have it placed on the assessment rolls in their name, nor have they ever erected any improvements thereon.

We may well say, as was said by the Supreme Court in City of New Orleans vs. Shakspeare et al., 39 La. Ann. 1033, 3 So. 346, 349:

"These conclusions find additional support in the fact that the defendants have never had the property in dispute assessed in their name, have never paid taxes on the same, and have never placed an improvement, not as much as a shed, thereon."

In truth, the facts in that case (City vs. Shakspeare) were, on all important points, so similar to those which are proven by the record here that we feel justified in resting our decision entirely on the reasoning and decree which we find there; and, in fact, we confess that much of the language in this opinion of ours is taken almost word for word from that one. Furthermore, the record shows that Mr. Miles Pratt, the president of plaintiff company, had been over the property at least 25 or 30 times in the last ten or twelve years, and that at no time did he find any fence on the rear line of the property, or any evidence that any fence had ever existed.

We are advised by a joint motion filed in this court that, since the trial below, one of the defendants, Cecelia Green Ross, has died, leaving as her sole heirs, Ellen Spriggs, Ella Berry, and Arthur Green, two of whom, Ellen Spriggs and Ella Berry, were already defendants, and, on that motion, we rendered an appropriate order to make parties. An amendment of the judgment is made necessary by this order.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended, so as to read in favor of plaintiff and against Mary Green, Ellen Spriggs, and Ella Berry, Paul Faletta, and Arthur Green, and it is further ordered that the judgment, in all other respects, be, and it is, affirmed, at the cost of appellants.