LOTTINGER, Judge.
This is a jactitation or slander of title suit wherein the plaintiff claims to be the owner and in possession of a tract of land described as the Northeast Quarter (NEj4) of Northeast Quarter (NEJ4), Section Nineteen (19), Township One (1) South, Range Eleven (11) East, St. Helena Meridian, Parish of Washington, State of Louisiana. In addition, he seeks damages in the sum of $125 for removal of pulpwood and $100 as the result of willful trespass. In his petition the plaintiff sets out his chain of title and various acts of possession exercised by him and his authors in title and, in the alternative, pleads prescription ac-quirendi causa of five, ten, twenty and thirty years. The defendants are alleged to have slandered-Eis title by having themselves placed in possession of an undivided one-half of the property by an ex parte judgment rendered in the matter, entitled “Succession of Julia Crawford”, dated June 30, 1944, and duly recorded in the conveyance records of the Parish of Washington and also by having themselves assessed for an undivided one-half interest in the property for the years 1949, 1950 and 1951.
The defendants in their answer deny the ownership and possession of the property as alleged by plaintiff and set forth the owner *12 ship of one-half of the properly as the sole heirs of their mother, Julia Crawford. The record contains a stipulation with reference to the title of the property in dispute, which reflects the following:
John J. Crawford, father of the defendants, acquired by patent from the United States, on February 10, 1897, Lots one (1) and two (2) and the Northeast Quarter (NE}4) of the Northeast Quarter (NEi/j), Section Nineteen (19), Township One (1) South, Range Eleven (11) East, containing 75 acres of land. On February 20, 1904, Crawford conveyed to the Bickman Mercantile Company Lots one (1) and two (2), stated to be “The same land acquired by vendor from the United States, containing 75 acres of land” and, on the same day, the Bickham Mercantile Company recon-veyed to him the lands as described in the deed to it. On December 12, 1904, Crawford conveyed these lands to the Bickham Mercantile Company and on the same day they were again retransferred to Crawford. Again, on February 28, 1905, Crawford conveyed to Bickham & Son, Ltd. “Lots 1 and 2, Section 19, Township 1 South, Range 11 East, containing 75 acres of land.” On February 18, 1911, Crawford executed in favor of Bickham & Son, Ltd., a deed containing the following recitations :
“Know All Men By These Presents, That I, John J. Crawford of full age and a resident of Washington Parish, Louisiana, do hereby acknowledge that on the 28th day of February, 1905, I transferred to Bickham & Son, Ltd., a corporation duly organized under the laws of the State of L'ouisiana, domiciled and doing business at Hackley, Washington Parish, Louisiana, the following described property, situated in the said Parish and State to-wit: 75 acres, of land, being Lots 1 and 2, Section 19, Township 1 South, Range 11, all of which will fully appear by reference to said title recorded May 17, 1905, in Conveyance Book 9, Folios 364 and 365. Now whereas, by reason of a clerical error, the description of 40 acres of the property intended to be conveyed was omitted, said 40 acres being more particularly described as the NE14 of the NE14, said Section 19, Township 1 South, Range 11 East, and whereas to conform with the intention of all the parties hereto, said title should have described the following described land: NE14 of NEJ4 and Lots 1 and 2, Section 19, Township 1 South, Range 11 East, containing 75 acres. Now therefore for the purpose of correcting said error and for the purpose of making it affirmatively appear on the records of Washington Parish, Louisiana, what property was actually intended to be conveyed, I hereby acknowledge that the land intended to be conveyed and the land that Was conveyed is properly and correctly described as the NEy^ of the NE14 and Lots 1 and 2, Section 19, Township 1 South, Range 11 East St. Helena Meridian, containing 75 acres. And I bind myself, my heirs and assigns, to fully and completely warrant said title as herein corrected unto the said Bickham & Son, Ltd., their successors and assigns forever.” (Emphasis supplied.)
On May 9, 1911, Bickham & Son, Ltd., conveyed to Thomas D. Bickham, among other lands, the tracts as described in the act dated February 18, 1911, quoted above. Thomas Dewitt Bickham and his wife, Mrs. Sallie Harvey Bickham, died in the years 1948 and 1943 respectively, and their successions were duly opened and the plaintiff and others recognized as their sole and only heirs at law and placed in possession of the said property. In.an act of partition dated February, 1949, executed between the plaintiff and his coheirs the former was allotted the land in controversy.
The stipulation also shows that John J. Crawford was the husband of Julia Crawford, mother of the defendants, who departed this life on May 10, 1907. Her succession was duly opened and by judgment dated June 20, 1944, the defendants were recognized as her heirs at law. It is further shown that on February 2, 1945, the defendants filed a suit for partition by *13 Hcitation against the present plaintiff’s father but that said suit was dismissed before it ever went to trial on the merits.
From the above-mentioned stipulation it will be seen that all parties trace their title to a common author, John J. Crawford. The plaintiff’s contention is that the property was transferred to him in 1905, prior to the date of the death of the wife of John J. Crawford and that the. correction deed of 1911 simply confirmed the original transfer. The defendants, on the other hand, contend that as the instrument of 1911 .was executed subsequent to the death of their mother it could not transfer the interest which they had acquired by inheritance from her. The plaintiff also, as stated above, relies on prescription ac-quirendi causa.
The case was duly tried in the lower court and judgment was rendered in favor of the plaintiff decreeing him to be the owner of and entitled to possession of the. property. The judgment also annulled the judgment of possession rendered in the Succession of Julia Crawford insofar as it affected the property and further directed the assessor of Washington Parish to strike the assessment of same on his rolls standing in the name of the defendants. The defendants were also condemned to pay damages in the sum of $125 and they have appealed devolutively to this court.
The trial judge rendered written reasons for judgment, wherein he held in part as follows:
“This suit being in jactitation or slander of title and the defendants having alleged in their answer that they are the owners of said property, the action is converted into a petitory one and defendants must .prevail on the strength of their own title rather than the weakness of that'of their adversary.
“After a careful study of all the testimony adduced on the trial of this cause, together with a consideration of the agreed statement of facts, the conclusion is inescapable that the plaintiff herein has definitely established title to this property by ten years prescription Acquirendi Causa. In other words, without even considering the deed of February 28, 1905, and considering only the deed of May 9, 1911, the date of acquisition by plaintiff’s father, Thomas Dewitt Bickham, it is shown some four years thereafter, or about the year 1915, Thomas Dewitt Bickham rented the property in dispute to Qarissy Brown, who remained as a tenant on said property for some five years, during which time she cultivated it and at least a portion thereof was under fence. Irrespective of whether all of said property was under fence is. of no moment because possession of a part of the land constitutes the possession of the whole for , the purpose of its acquisition by prescription.
“There is no question, of course, but what the title herein is translative of the property in dispute. The evidence further shows after Clarissy Brown had been on the property for a period of some five years, the house thereon burned and she moved awayj and that the possession of Thomas Dewitt Bick-ham continued through Alonzo Smith, who began tending the property and who exercised possession over it for many years thereafter.
“In addition to this, Thomas Dewitt Bickham paid the taxes on this property for many years, or at least until his death in 1948, and he cut and sold timber off the property without interruption or any adverse claimant until the defendants filed suit against him in the year 1945, which was of course, a period of some thirty-six years. I do not think the prescription of thirty years is applicable to this case for the reason the youngest of the heirs of Julia Crawford was not but 37 years of age at the time of the filing of the suit, but I am convinced from the testimony of Ewell Bickham, Ura Bick-ham, Will Johnson, as well as that of Griffith Johnson and Delos R. Johnson, that Thomas Dewitt Bickham, as well as the subsequent owner of the property, the present plaintiff, exercised sufficient acts of possession over said property to establish title to same *14 by a prescription of ten years. Of course, I am cognizant of the fact that John J. Crawford apparently remained on this property from 1911 to the year 1915 when he died, but it is not quite clear as to whether he was renting this property for these four years or suffered to remain thereon after he had transferred same, but be that as it may, Thomas Dewitt Bickham acquired corporeal possession of this property in the year 1915 by renting same to Clarissy Brown as hereinabove outlined.
“Since this corporeal possession once begun was never interrupted, then a mere civil possession of the property by Thomas Dewitt Bickham would have perfected the title by prescription. However, I am convinced from the testimony in this record that Thomas Dewitt Bickham, the father of this plaintiff, had the actual corporeal possession of the property- from the year 1915 until at least the year 1945, which was the date of the first attempt to interrupt said possession by the filing of suit by the present defendants. Consequently, the title of Thomas Dewitt Bickham had been perfected by ten years prescription under a title trans-lative of property as early as the year 1925, so consequently, when the present plaintiff acquired this property as a result of a partition suit with the other forced heirs of Thomas Dewitt Bick-ham, he acquired a good and valid title.
“For the reasons above set forth, I consider it unnecessary to pass on whether or not the deed of correction given by John J. Crawford on February 18, 1911, transferred the property to Bickham &. Son, Ltd.”
One of the principal contentions raised by the appellants on appeal is that the plaintiff has attempted to shift the burden of proof to them by merely technical means, i. e., by filing the suit in form of a slander of title action when he does not have the “actual” possession of the property. Further, counsel argues that the record fails to show the requisite possession by the plaintiff and that therefore the action should be considered one to establish title. Counsel has overlooked, however, the provisions of LSA-R.S. 13:5063 et seq. which provide as follows:
“Whenever in any action of jactitation or slander of title any defendant desires to raise as a defense lack of sufficient possession of the property involved therein by the plaintiff or plaintiffs to institute and prosecute such action, or failure of the plaintiff or plaintiffs’ petition to allege sufficient possession of the property involved therein by the plaintiff or plaintiffs, to institute and prosecute such action, such defendant shall raise and plead all such defenses by means of and in-an exception or exceptions filed in limine litis.”
“The defenses provided in R.S. 13:5063, not filed in limine litis upon joinder of issue in the action, shall be considered waived.”
The record fails to disclose where the defendants filed an exception of want of sufficient possession in limine litis and therefore, under the above-quoted statutes, any such defense must now be considered as waived and no longer an issue in the case.
The appellants do not appear to seriously question the findings of fact by the trial judge with-respect to the plea of ten years prescription. We have carefully examined the record with reference thereto and find that the testimony abundantly supports his findings in that regard. There can be no doubt but that the deed by which Thomas Dewitt Bickham acquired the property was one translative of title (and this is not disputed by. appellants), and further,that his renting the property to Clarissy Brown in the year 1915 commenced corporeal possession by him. In short, we are of the opinion that the above-quoted conclusions of the trial judge are correct.
The last point raised by the defendants is that they cannot be liable for damages as they have pleaded title in" themselves and in support of this contention they *15 cite the case of Smith v. Albritton, 153 La. 507, 96 So. 49. We have examined that authority and find that counsel’s position is correct. Accordingly, the judgment of the lower court is annulled and set aside insofar as it awards damages to the plaintiffs. Finding no other manifest error in the judgment appealed from, the same is hereby affirmed except as herein amended.
Judgment amended and as amended affirmed.