144 So.2d 173 (1962)
Wallace W. PHILLIPS et al.
v.
Edna L. Edwards WEST et al.
Dr. Carey A. PHILLIPS
v.
Edna L. Edwards WEST et al.
No. 5585.
Court of Appeal of Louisiana, First Circuit.
June 29, 1962.
Rehearing Denied September 25, 1962.
*174 Weber & Weber by Emile M. Weber, Baton Rouge, for appellant.
Blum & Sotile by George R. Blum, Donaldsonville, Jos. A. Loret, Baton Rouge, for appellee.
Before LOTTINGER, LANDRY and REID, JJ.
LANDRY, Judge.
These jactitory or slander of title suits involve two triangular parcels of land situated in the NE¼ of the NW¼ (or Lot Number Three) of Section One, Township Nine South, Range Two East, Southeastern District east of the river, Ascension Parish, Louisiana, containing an aggregate of approximately 33 acres. The two tracts (initially acquired by plaintiff Wallace W. Phillips as a single parcel of land) each front on U. S. Highway 71-190 (known as the Baton Rouge-New Orleans "Airline Highway") which said highway bisects the NE¼ of the NW¼ of Section One, Township Nine South, Range Two East, diagonally in a northwesterly-southeasterly direction thus accounting for the triangular shape of subject lands.
Plaintiffs Wallace W. Phillips, Grace Phillips Rush, Thelma Phillips Deplessis, Dr. Carey A. Phillips, Helen Phillips Lacombe, Cecile Phillips Laborde and William W. Phillips, alleging themselves to be the owners and possessors of a tract of land containing 14.17 acres lying east of the aforesaid highway, aver that defendants Edna L. Edwards West and Arnold Edwards have slandered their title to said property by claiming ownership of said property and placing of record in the conveyance office of Ascension Parish a judgment in the Succession of John Shoulder purportedly recognizing defendants as heirs of said Shoulder and, as such, sending defendants into possession and recognizing defendants as owners of the property claimed by the hereinabove named petitioners. As alleged sole owner in the other suit, plaintiff therein, Dr. Carey A. Phillips, makes identical allegations with respect to a tract containing 15.31 acres of land lying west of the "Airline Highway".
The sole pleading filed by defendants in each suit consists of identical answers which read in full as follows:
"Now, into court, through undersigned counsel, comes EDNA L. EDWARDS WEST and ARNOLD S. EDWARDS, made defendants in the above entitled and numbered cause, and for answer to the petition of plaintiffs denies all and singular the allegations contained therein.
"Further answering, defendants show:
"1.
"That they deny the allegations contained in Paragraph 1 of plaintiffs petition and further show that they, the defendants herein, and predecessors *175 have been owners of the property in question and have been in possession of the said property for seventy-five (75) years.
"2.
"That they deny the allegations contained in Paragraph 2 of plaintiffs petition and further show that they are slandering title because title is in the defendants names and defendants are and always have been in possession of the said property.
"WHEREFORE, defendants pray that this answer be deemed good and sufficient and that the petition of plaintiffs be dismissed at their costs, and for all good and general equitable relief in the premises."
With the issues thus drawn these cases proceeded to trial. In written reasons for judgment appearing in the record the learned trial court held that defendants having failed to question plaintiffs' possession in limine litis and having asserted ownership of the property in dispute thereby converted plaintiffs' jactitory actions into petitory actions wherein defendants must recover solely upon the strength of their own title and not upon the weakness of plaintiffs' title.
Although no formal plea of thirty years acquisitive prescription (as provided for by Article 3499, LSA-C.C.) was tendered on behalf of defendants in these actions, the learned trial court considered such a plea for the reason that evidence of adverse possession offered by defendants was received without objection by plaintiffs from which our brother below concluded the pleadings were thereby enlarged to include the issue of prescription. The trial court found, however, that defendants failed to show such adverse possession as would support a plea of thirty years prescription and rendered judgment in each suit recognizing plaintiffs to be owners respective properties involved in these consolidated actions. From these unfavorable decrees defendants have appealed.
Able counsel for defendants vigorously contends before this Court (as he did in the court below) that plaintiffs having alleged ownership and possession of the properties in question constituted these suits petitory actions from their inception thus casting upon plaintiffs the burden of proving title. Defendant's contention in this regard is clearly without merit. It is the settled jurisprudence of this state that an allegation of possession is fatal to a petitory action considering such action is the non-possessor's remedy against a possessor or against an adverse claim of ownership. Foscue v. Mitchell, 190 La. 758, 182 So. 740; A. M. Edwards Co. v. Dunnington, La.App., 58 So.2d 225.
It is equally well settled that the jactitory or slander of title action affords an owner in possession relief against a party claiming ownership of the plaintiff's property or an adverse interest therein. Settoon v. Sharp, La.App., 19 So.2d 342.
Also pertinent to the issue presented is the well established principle that in a jactitation suit or petitory action the prayer of the plaintiff's petition characterizes the nature of the action. Foscue v. Mitchell, supra; Siegel v. Helis, 186 La. 506, 172 So. 768.
In this regard we note that plaintiffs do not pray to be recognized as owners of the properties in question but that defendants be "ordered to either disclaim any title whatsoever to said property or to assert herein such rights as they may have against said property; that, after due proceedings had and legal delays, there be judgment herein in favor of petitioners, and against the said Edna L. Edwards West and Arnold Edwards, cancelling the inscription of said pretended judgment of possession giving title to the said defendants to the aforesaid property, as registered in the conveyance office in Book number 108 at folio 310 of the Parish of Ascension, Louisiana."
*176 The nature of the relief prayed for by plaintiffs clearly characterize these suits as actions in jactitation or slander or title.
We likewise find no merit in defendants' contention that the trial court erred in refusing to require plaintiffs to establish possession of subject properties as a condition precedent to instituting these actions. It is well settled in our law that where plaintiff in a jactitory or slander of title suit alleges ownership and possession of the property involved, the issue of the requisite legal possession of plaintiff must be raised in limine litis, otherwise such issue is waived. It follows, therefore, that defendants having failed to timely raise the question of plaintiffs' alleged lack of possession, must be deemed to have waived said issue. Bickham v. Crawford, La.App., 64 So.2d 11.
The object of a jactitation suit is to protect possession and give the same advantages when disturbed by slander as by actual intrusion and to force the defamer to bring suit and throw the burden on him of proving what he claims and asserts. Livingston v. Heerman, 9 Mart. O.S. 656; Van Wych v. Gaines, 13 La. Ann. 235; Young v. Town of Morgan City, 129 La. 339, 56 So. 303; Aucoin v. Marcell, La.App., 195 So. 807. The purpose of a jactitation suit is to protect possession and not to establish title, unless the defendant tenders the issue of title in his answer. Siegel v. Helis, 186 La. 506, 172 So. 768; Finch v. Schexnayder, La.App., 53 So.2d 484.
In his brief filed in this Court, able counsel for appellants vehemently argues that the learned trial court further erred in refusing to place the burden of proof upon plaintiffs-appellees in conformity with an alleged agreement between counsel for appellants and appellees to the effect that the issue of title would be submitted to the trial court pursuant to the understanding that each litigant would bear the burden of proving his own title, which agreement prevails over the technical rules of law otherwise controlling the burden of proof in real actions. Pretermitting entirely any consideration of the efficacy of an agreement of the character alluded to by counsel for appellants, it suffices to say that no mention of such an agreement appears in the written reasons for judgment handed down by our brother below, no evidence of such an agreement appears in the record by stipulation or otherwise and counsel for appellees denies the existence of such a pact. Under such circumstances we can only conclude that appellants have failed to establish the existence of the agreement upon which they rely.
We find, therefore, that appellants, having converted these jactitory actions into petitory actions by claiming ownership of the property in question, bore the burden of proving their title to the property in dispute in these proceedings. Smith v. Chappell, 177 La. 311, 148 So. 242; Young v. Miller, La.App., 125 So. 2d 257.
Finally appellants maintain that the trial court erred in holding that appellants failed to prove prescriptive title to the properties herein involved. In this latter connection the record reveals that whereas no formal plea of thirty years prescription was entered on behalf of defendants, evidence of defendants' alleged adverse possession was freely admitted during the trial below without objection on the part of counsel for plaintiffs-appellees. Predicated upon said condition of the record the esteemed trial court considered the matter as though a plea of prescription had been formally tendered by defendants but he found, however, that defendants had failed to discharge the burden of proof of adverse possession incumbent upon defendants pursuant to the provisions of Articles 3499 and 3500, LSA-C.C.
The evidence adduced herein affirmatively shows plaintiffs to be record owners of subject properties by unbroken *177 chain of title emanating from the sovereign. We believe the trial court correctly held the single issue presented to be whether defendants have established title to the disputed tracts by thirty years adverse possession.
It appears that one John Shoulders (great grandfather of present defendants) acquired the NE¼ of the NW¼ of Section One, Township Nine South, Range Two East, by patent from the United States Government dated June 1, 1898. By act of sale dated August 13, 1909, Shoulders transferred that portion of the NE¼ of NW¼ of Section One, Township Nine South, Range Two East, comprising subject properties, to Picard & Geismar, Ltd., which said firm conveyed said properties to Mrs. Lena B. Osterberger who in turn deeded same to plaintiff Wallace W. Phillips. Following his sale of subject properties to Picard & Geismar, Ltd., John Shoulders occupied the land for an undisclosed period of time and subsequently moved into a house located upon an adjoining 6.19 acre tract also situated in the NE¼ of the NW¼ of Section One, Township Nine South, Range Two East, and bounding subject properties on the east. Following his marriage in or about the year 1902, Sam Edwards, (Grandson of Patentee John Shoulders and father of defendants, Edna L. Edwards West and Arnold Edwards), moved into a house then situated upon subject properties and resided therein until the residence was demolished in a storm which the record indicates occurred sometime during the year 1905. Thereafter Sam Edwards and his wife moved into the home of the former's grandfather, John Shoulders, situated upon the 6.19 acre tract adjoining the properties in dispute herein. It is undisputed that Sam Edwards and his wife occupied the aforementioned 6.19 acre tract until Edwards' death in or about the year 1950, although said 6.19 acres was sold at tax sale to one J. N. Delaune on June 26, 1924, for unpaid taxes due for the year 1923 assessed in the name of "Est. John Sholers".
Appearing in the record is a judgment rendered June 30, 1955 (apparently rendered in an ex parte proceeding), in the matter entitled "In the Matter of the Succession of John Sholder", Number 2757, Probate on the Docket of the Honorable Twenty-third Judicial District Court in and for Ascension Parish, Louisiana, which recognizes defendants Edna L. Edwards West and Arnold Edwards as sole surviving heirs of decedent John Shoulders and as such, recognizing said parties as owners and sending them into possession of the 6.19 acres claimed by the Delaume Heirs under the aforementioned tax sale.
Succinctly stated defendants' position is that defendants and their ancestors, Sam Edwards and John Sholers (Shoulders), have remained continuously in possession of subject properties as owners since Shoulders' acquisition thereof and, therefore, have acquired prescriptive title despite the transfer executed by their reputed ancestor.
The possession on which the thirty year prescription acquirendi causa provided for in Article 3499, LSA-C.C. is based must, according to the provisions of Article 3500, LSA-C.C. be "continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner". The courts of this state have repeatedly interpreted the quoted language of Article 3500 to mean that such possession must not only begin as owner and adverse to the true owner but must also so continue; Foscue v. Mitchell, 190 La. 758, 182 So. 740. Such possession must be open, continuous, uninterrupted, peaceable, public and unequivocal for the period of thirty years and, in addition, must commence with corporeal possession. Wilson v. Marshall, 10 La.Ann. 327. To obtain title to land by the prescription of 30 years the intention of possessing as owner as well as the possession of the *178 land must be established. Liles v. Pitts, 145 La. 650, 82 So. 735.
The evidence shows that subject tracts are for the most part low and swampy although some portions thereof are sufficiently elevated to permit farming and grazing operations thereon.
Defendants produced numerous witnesses who testified in substance that John Shoulders owned the property at one time. They further testified that defendants' father, Sam Edwards, lived with his grandfather, John Shoulders, and worked the land lying on both the east and west sides of the Airline highway in addition to the land immediately surrounding the residence situated upon the 6.19 acre Delaune tract. Excepting the operations of Shoulders and Edwards on the property immediately surrounding the residence on the Delaune tract, the testimony of defendants' witnesses was somewhat vague and uncertain as to extent and time. Most of said witnesses, however, conceded that the crops raised by Shoulders and Edwards were for the most part planted near the home. They did, however, testify to some operations on subject properties such as sporadic farming and the occasional grazing of two or three head of cattle. The testimony of the witnesses leaves the clear impression that such operations as were carried on by Shoulders and Edwards were of a rather minor nature. Odile Edwards (widow of Sam Edwards) testified that she and her husband lived with the latter's grandfather for a number of years until the grandfather's death. She further testified that her husband worked the land around the home as well as subject properties on both sides of the Airline Highway. According to the witness, Sam Edwards worked all of the land "that was fitting to work". She conceded that some portions of the lands were swampy and unfit for cultivation. She denied that her husband paid rent for the Delaune tract but admitted doing business with Jack Delaune, a merchant, with whom she ran an account of approximately $20.00 per month for groceries. In addition she denied any knowledge of possession or claim of ownership of subject properties by par-month for groceries. In addition she deties other than her husband's family.
Defendants, Edna L. Edwards West and Arnold West, testified in substance that they lived on the Shoulders property with their father until they reached maturity and left to establish homes of their own. In essence they stated that they assisted their father in working the entire place including the two tracts involved in the instant litigation.
Jack Delaune testifying on behalf of plaintiffs stated that he is the son of J. N. Delaune who acquired the 6.19 acre tract from John Sholders at a tax sale in 1924. He stated that subsequent to his father's purchase of the Sholders property, Shoulders paid rent for the small tract at the rate of $20.00 annually which rental was paid until Shoulders' death. Following the demise of Shoulders, Sam Edwards continued to pay said stipulated rental until Edwards' death. Subsequent to Sam Edwards' demise, Odile Edwards, widow of Sam Edwards, continued to pay rental for the property in the sum of $20.00 per year until shortly before institution of this suit. Delaune denied having evidenced any act of possession on the part of Shoulders or Edwards respecting the properties in dispute in this litigation although he freely conceded said decedents had farmed the small tract on which Shoulders resided.
Plaintiffs and their several witnesses in essence testified that to their knowledge neither Shoulders nor Edwards ever possessed or farmed any portion of the disputed property. In particular, plaintiff, Dr. Carey A. Phillips testified to having rented portions of the disputed tracts for agricultural purposes and his personal conduct of timber operations on the tract lying west of the Airline Highway. It further appears that in recent years plaintiffs have leased sites on both sides of the *179 Airline Highway for purposes of erecting billboards and similar advertising. Of considerable importance is the fact that the record indicates until recently a fence separated the adjoining 6.19 acre Delaune tract (occupied by Shoulders) from subject properties which fence decedent Sam Edwards helped maintain. Conceding that the record establishes infrequent use of some portions of subject property by decedent Sam Edwards, defendants have failed to prove that such adverse possession was continuous for a period of thirty years preceding the date of institution of this suit. Likewise the record falls far short of establishing that the possession asserted by defendants has been exclusive.
It is also significant that neither defendants nor their ancestors in title have ever attempted to fence subject properties and at no time erected any improvements thereon. The record is also barren of evidence of payment of taxes on subject property by defendants or their ancestors. There is, however, some testimony to the effect that decedent Sam Edwards paid taxes on the 6.19 acre Delaune tract until his death in or about the year 1950.
As correctly found by the learned trial court, it is clear that defendants have attempted to extend their possession (the character of which we do not herein decide) of the adjoining Delaune tract to subject properties in an effort to sustain their contention of prescriptive title.
In a case somewhat similar to those at bar it has been held that infrequent planting of small garden patches on part of the land claimed and the occasional grazing of one or two head of cattle thereon are insufficient acts of possession to satisfy the requirement of thirty years open, peaceable, continuous and uninterrupted possession to support prescriptive title to realty. O'Connor Realty Co. v. Green, 13 La.App. 127, 127 So. 406. The irregular planting of crops, grazing a few head of cattle, repairing fences and using an old private road have likewise been deemed insufficient acts of adverse possession to support a plea of thirty years prescription. Parham v. Maxwell, 222 La. 149, 62 So.2d 255. Defendants have failed to discharge the burden incumbent upon them of proving possession by evidence of external and public signs such as the construction or maintaining of roads and improvements or other similar acts of possession which announce and give notice of the possessor's intention to preserve and continue his possession as owner. Defendants have also failed to prove such possession as announces to the world the character and extent of defendant's possession and to identify fully the property possessed and fix with reasonable certainty the bounds and limits thereof. It follows, therefore, that the judgment of the trial court is correct and must be affirmed. Parham v. Maxwell, supra.
For the reasons hereinabove set forth, it is ordered adjudged and decreed that the judgment of the trial court be affirmed and that there be judgment in favor of plaintiffs, Wallace W. Phillips, Grace Phillips Rush, Thelma Phillips Deplessis, Dr. Carey A. Phillips, Helen Phillips Lacombe, Cecile Phillips Laborde and William W. Phillips, and against defendants, Edna L. Edwards West and Arnold Edwards, recognizing, decreeing and declaring plaintiffs, Wallace W. Phillips, Grace Phillips Rush, Thelma Phillips Deplessis, Dr. Carey A. Phillips, Helen Phillips Lacombe, Cecile Phillips Laborde and William W. Phillips, to be the true and lawful owners of the following described property, to-wit:
"A certain tract of land situated in the Parish of Ascension, State of Louisiana, in the Northeast Quarter of the Northwest Quarter of Section 1, Township 9 South, Range 2 East, S.E.D. East of The Mississippi River and more particularly set out and shown on a map of survey made by Hy. E. Kleinpeter, C. E., dated January 30, 1958, a copy of which is annexed *180 hereto and made a part hereof, said tract of land beginning at a point marked B on said map and running North 89 degrees 45 minutes east a distance of 202.62 feet, more or less, to point marked C, thence in a northerly direction a distance of 1331.3 feet to point marked D. Thence South 89 degrees 45 minutes west a distance of 1200 feet, more or less, to point F, thence along the eastern side of the New Orleans-Baton Rouge Airline Highway a distance of 1610 feet to point H, thence in a southerly direction a distance of 60 feet, more or less, to point B, point of beginning; LESS AND EXCEPT: All that land beginning at point B, and running North 89 degrees 45 minutes east a distance of 202.62 feet to point C, thence in a northerly direction a distance of 1331.3 to point D, thence South 89 degrees 45 minutes west a distance of 202.62 feet to point E, thence in a general southerly direction a distance of 1331.3 feet to point B, point of beginning. Said land herein owned by Wallace W. Phillips et als containing 14.17 acres, more or less, and is bounded on the west by the New Orleans, Baton Rouge Airline Highway, on the North by the Galvez Road and on the east by property now or formerly belonging to the estate of N. J. Delaune. Being a portion of the same property acquired by Wallace W. Phillips from Mrs. Lena B. Osterberger by act recorded in C.O.B. 72, folio 556 of the Parish of Ascension, Louisiana."
and, as such, entitled to the full and undisturbed possession thereof.
It is further ordered, adjudged and decreed that there be judgment in favor of plaintiff, Dr. Carey A. Phillips and against defendants, Edna L. Edwards West and Arnold Edwards, recognizing, decreeing and declaring said plaintiff, Dr. Carey A. Phillips, to be the true and lawful owner of the following described property:
"A certain tract of land situated in the Parish of Ascension, State of Louisiana, in the Northeast Quarter of the Northwest Quarter of Section 1, Township 9 South, Range 2 East, S.E.D. East of the Mississippi River and more particularly set and shown on a map of survey made by Hy. E. Kleinpeter, C.E., dated January 30, 1958, a copy of which is annexed hereto and made part hereof, said tract of land beginning at a point marked A on said map referred to above and running North 89 degrees 45 minutes east a distance of 1120 feet, more or less, to a point marked B, thence North a distance of 60 feet more or less, to point marked H, thence along the eastern side of the New Orleans-Baton Rouge Airline Highway a distance of 1610 feet more or less to a point marked F, thence South 89 degrees 45 minutes west a distance of 120 feet to point G, thence in a southerly direction along the quarter section line between the Northwest Quarter of the Northwest Quarter and the Northeast Quarter of the Northwest Quarter of Section 1, Township 9 South, Range 2 East, a distance of 1331.3 feet to point A, point of beginning; containing 19.97 acres, more or less; said tract being bounded on the North by the Galvez Road, on the east by property of W. W. Phillips and on the south and west by property of Dr. Carey A. Phillips. Being the same property acquired by Dr. Carey A. Phillips by act recorded in C.O.B. 95, folio 34, Ascension Parish, Louisiana."
and, as such, entitled to the full and undisturbed possession thereof.
Affirmed.