PONDER, Judge.
Defendant, the State of Louisiana, appealed a judgment maintaining plaintiffs' possessory action, giving defendant an opportunity to file a petitory action and dismissing defendant’s reconventional posses-sory action.
The issues are: 1) availability of a posses-sory action against the State, 2) conversion of a possessory action to a petitory action by evidence of the nature of the property (accretion or an abandoned navigable river bed), and 3) the sufficiency of proof of corporeal possession by plaintiff and defendant.
We affirm.
The property is located in the north and northeast portion of Turnbull Island, between the 1845-47 meander line of the Mississippi River and the present thalweg of Old River, known as Sugar Mill Chute.
Plaintiffs, Robert Todd and Charles Haynes, Jr., acquired the property from plaintiff, A.B. Stevens, who retained the timber rights. Plaintiffs allege that their ancestors in title took possession of the property through various acts of corporeal possession, and that the State disturbed their possession by the halting of timber operations. The State reconvened asserting possession of the disputed tract as the former bed and bottom of the Mississippi River. Its exceptions of no cause or right of action and an exception relating to sovereign immunity were referred to the merits. The question of sovereign immunity became moot when legislative permission to sue was obtained.
The court, after trial, overruled all exceptions and found that plaintiffs possessed the disputed tract through their acts on the tract itself and on adjoining property. These acts included cutting timber, providing for timber management, execution of hunting leases ■ and causing fences to be built and maintained. Defendant’s recon-ventional possessory action was dismissed.
The defendant first argues that possesso-ry actions against the State are prohibited. The argument seems to be that the land in question was formerly the bed of the Mississippi River and thus public property, title to which cannot be gained by prescription; that therefore, the land cannot be possessed sufficiently to justify a possessory action. The question has presented a problem for the courts. As late as the case of Parkway Development Corporation v. City of Shreveport, 342 So.2d 151 (La.1977), the Supreme Court recognized the question and held that when the object of the possessory action was possession of a real right in the land that had been granted by the governmental body and not the land itself, the possessory action could be maintained.
However, this court said in St. Mary Parish Land Co. v. State Mineral Board, 167 So.2d 509 (La.App. 1st Cir.1964), writ denied, 246 La. 908, 168 So.2d 821 (1964):
“One may actually possess property belonging to the State but cannot divest the State of title regardless of the kind or duration of such possession.”
The defendant asserts the disputed land is the old bed of the Mississippi River. The plaintiffs are asserting the disputed land is accretion. The resolution of that issue decides title. That defense by the defendant is more properly asserted in a petitory action, not in the possessory action before us. St. Mary Parish Land Co. v. State Mineral Board, supra. The exception of no cause of action was properly denied.
Defendant next argues that plaintiffs cannot maintain civil possession of accretion in the former bed of a navigable river, by corporeal possession of an adjacent tract; and if they can, evidence that the land was formed by accretion converts the possessory action into a petitory action. However, the plaintiff has not cumulated the possessory and petitory actions, pled the petitory action in the alternative or instituted a petitory action. La.Code of Civil Pro *1355 cedure Art. 3657.[1] Plaintiffs’ introduction of evidence as to the formation of the property by accretion related to the extent and length of possession by the plaintiffs. La. Code of Civil Procedure Art. 3661.[2]
We agree that plaintiffs possessed by their acts on the disputed tract itself. We, therefore, do not reach the question of civil possession of accretion by actions on an adjoining riparian tract only.
Defendant next argues that the State maintained possession of the disputed tract through corporeal possession of portions of the old river bed. However, we agree with the finding that plaintiffs have sufficiently proven that they possessed the property for one year prior to the disturbance, through the following acts: cutting of timber from 1957 to 1962, negotiating a hunting lease requiring the construction of a fence, cutting of timber in the 1930’s and the 1950’s, establishing a timber management program, conducting timber-cruises, execution of grazing leases, and the sale of a portion of the land to the U.S. Government in which the State was not made a party to the condemnation.
Once the plaintiffs are found to have possession, that possession continues until another forcibly expels them or they permit the property to be usurped and held for more than one year. La.Civil Code Art. 3449;[3] Liner v. Louisiana Land & Exploration Company, 319 So.2d 766 (La.1975). Seasonal hunting by the public on the disputed tract was inadequate to establish corporeal possession in the State or to usurp plaintiffs’ possession. Norton v. Addie, 337 So.2d 432 (La.1976). Plaintiffs filed this possessory action in response to the one time that the State halted timber operations on the disputed tract. The camp-site leases granted by the State were outside of the disputed tract. Defendant has not shown that plaintiffs have been expelled, or have acquiesced in a usurpation.
For these reasons, the judgment of the trial court is affirmed and costs in the amount of $534.52 are assessed to the defendant.
AFFIRMED.

. La.Code of Civil Procedure Art. 3657:
The plaintiff may not cumulate the petitory and the possessory actions in the same suit or plead them in the alternative, and when he does so he waives the possessory action. If the plaintiff brings the possessory action, and without dismissing it and prior to judgment therein institutes the petitory action, the possessory action is abated.
When, except as provided in Article 3661(1)-(3), the defendant in a possessory action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petito-ry action, and judicially confesses the possession of the plaintiff in the possessory action.
If, before executory judgment in a possessory action, the defendant therein institutes a petito-ry action in a separate suit against the plaintiff in the possessory action, the plaintiff in the petitory action judicially confesses the possession of the defendant therein.

. La.Code of Civil Procedure Art. 3661:
In the possessory action, the ownership or title of the parties to the immovable property or real right therein is not at issue.
No evidence of ownership or title to the immovable property or real right therein shall be admitted except to prove:
(1) The possession thereof by a party as owner;
(2) The extent of the possession thereof by a party; or
(3) The length of time in which a party and his ancestors in title have had possession thereof.

. La.Civil Code Art. 3449:
A possessor of an estate loses the possession against his consent:
1. When another expels him from it, whether by force in driving him away, or by usurping possession during his absence, and preventing him from re-entering.
2. When the possessor of an estate allows it to be usurped and held for a year, without, during that time, having done any act of possession, or interfered with the usurper’s possession.